ANITA FLAGG & another[1] *vs.* GREGORY E. SCOTT & another.[2] January
3, 1980. The plaintiffs have appealed from a judgment which dismissed
their action for damages for medical malpractice and related relief be-
cause they failed to file the bond ordered by the judicial member of a
medical malpractice tribunal following the tribunal's consideration of the
plaintiffs' offer of proof under G. L. c. 231, § 60B, inserted by St. 1975,
c. 362, § 5. *McMahon* v. *Glixman*, 379 Mass. 60, 63-64 (1979). The
question before the tribunal was whether the medical evidence set out in
the plaintiffs' offer of proof, if substantiated at trial, would be sufficient
to withstand a motion for a directed verdict. *Little* v. *Rosenthal*, 376
Mass. 573, 578-579 (1978). *McMahon* v. *Glixman, supra* at 66. 1. The
matters set out in the first two sentences of the letter from the plaintiffs'
expert, when considered in light of the operation and pathology reports
from the second hospital which are referred to in the first sentence of that
letter, are sufficient to warrant a finding that the female plaintiff's exten-
sive intra-abdominal adhesions were caused by the introduction of starch
particles into her peritoneal cavity. The opinion expressed in the third
sentence of that letter, when considered in light of the operation report
from the defendant hospital, is sufficient to warrant a finding that the

[1] Albert Flagg, husband of Anita.
[2] Massachusetts General Hospital.

starch particles were introduced into the peritoneal cavity during the course of the laparotomy in which the individual defendant participated. The awkwardly phrased opinion expressed in the fourth sentence of that letter, when read in context, is sufficient to warrant a finding that the introduction of the starch particles resulted from a failure to measure up to the standard of medical care which was applicable in the circumstances. See *Brune* v. *Belinkoff*, 354 Mass. 102, 109 (1968). There is nothing in the record which supports the notion that the latter opinion is based on conjecture. Contrast *Ruschetti's Case*, 299 Mass. 426, 431-432 (1938); *Sevigny's Case*, 337 Mass. 747, 751-754 (1958); *Lynch* v. *Egbert*, 360 Mass. 90, 92 (1971). To the contrary, the expert's qualifications (including his position as obstetrician-gynecologist-in-chief at one of Boston's teaching hospitals) suggest that there is a firm basis for his opinion that "minimal standards of care were not met to ensure that contamination of the peritoneal cavity with unduly large amounts of starch particles would not occur." 2. The question whether the individual defendant was a person for whose conduct the defendant hospital would be responsible was beyond the competence of the tribunal. See *Little* v. *Rosenthal, supra* at 577; *Salem Orthopedic Surgeons, Inc.* v. *Quinn,* 377 Mass. 514, 521 (1979); *McMahon* v. *Glixman, supra* at 66-69. The judgment, the order for a bond and the present finding and decision of the tribunal are all vacated; that finding and decision are to be replaced by a new finding and decision to the effect that the portions of the plaintiff's offer of proof which are referred to in this opinion, if properly substantiated, are sufficient to raise a legitimate question of liability appropriate for judicial inquiry; the allegations as to the monetary amounts of the damages sustained by the plaintiffs are to be struck from the complaint (G. L. c. 231, § 60C).

*So ordered.*

*Donald M. Lubin* (*Patricia D. Perry* with him) for the plaintiffs.
*Cynthia J. Cohen* (*Philander S. Ratzkoff* with her) for the defendants.