**Joyce R. COMFORT, Plaintiff**
vs.
**David GOODKIND,**
**NORWOOD HOSPITAL, INC,**
**Defendant**

**No. 133336**

Superior Court
Commonwealth of Massachusetts

**December 28, 1981**

**Fraser & Wise,** counsel for plaintiff
**Wilson D. Rogers, Jr.,** counsel for defendant
**Douglas Danner,** counsel for defendant

### MEMORANDUM OF REPORT OF TRIBUNAL

The members of this tribunal are:

William G. Young, an associate justice of the Superior Court; Paul C. Barton, M.D., a physician licensed to practice medicine within this Commonwealth; and Marc C. Perlin, Esquire, an attorney admitted to the Bar of this Commonwealth.

The tribunal acts under the authority of G.L. c. 231, sec. 60B, as inserted by St. 1975, c. 362.

This action was filed on April 24, 1981 with the entry of a complaint in the Superior Court for the County of Norfolk. Each of the defendants answered, the last answer being filed on July 8, 1981. In accordance with the provisions of G.L. c. 231, sec. 60B, a hearing was scheduled (and the parties notified of such hearing) for 9:00 a.m., Friday, October 2, 1981 at the Norfolk Superior Court.

The hearing opened at 9:00 a.m. on the day scheduled. No party made any objection to the constitution of the panel or to any notice or any other procedural matter.

After due deliberation, the members of this tribunal find and report that the plaintiff's offer of proof as to David Goodkind, if properly substantiated by evidence at trial, is sufficient, as to him, as to raise a legitimate question of liability appropriate for judicial inquiry.

The plaintiff's action against the Norwood Hospital, Inc. depends upon a **respondeat superior** theory, yet other than some references in the offer of proof to Dr. Goodkind's staff affiliation with the hospital, there has been no offer of proof sufficient to show that the hospital had power of control or direction over the professional conduct of the doctor. **Khoury v. Edison Elec. Illuminating Co.,** 265 Mass. 236, 238 (1928). Nor has there been any presentation whatsoever of factual matter or expert opinion to support the theory that the hospital had a duty to control the treatment activities of physicians within the hospital. Upon such a record, the Supreme Judicial Court has expressly held that a bond is properly ordered by the tribunal in the case against the hospital. **Kapp v. Ballantine,** Mass. Adv. Sh. (1980) 755, 402 N.E.2nd 463, 469 (1980). The hospital argues that such a result is required here.

The plaintiff submits that the issue of the hospital's relationship to the doctor is beyond the competence of the medical malpractice tribunal and it ought express no opinion on the issue. After a careful review of the development of the case law in this area, and notwithstanding the **Kapp** decision, this tribunal respectfully declines to express any opinion concerning whether further judicial inquiry is warranted into the relationship of Dr. Goodkind to the Norwood Hospital upon the ground that this is not a "treatment-related claim". **Little v. Rosenthal,** 376 Mass. 573, 576 (1978).

In light of **Kapp,** some exposition of the tribunal's reasoning is warranted.

Clearly the judicial member of the

tribunal is bound by the principles of **stare decisis.** Therefore, if **Kapp** controls the decision here, he must acknowledge it and vote in accordance with his understanding of its reasoning. Further, it is his duty to inform his colleagues of the controlling principles of law and urge upon them acceptance thereof. It is less clear that the physician and attorney member of the tribunal are required, as jurors would be required, to follow the law as declared by the judicial member. Even if they are, it appears that they have the same ability as do jurors to nullify the effect of the law by returning a report in accordance with their consciences notwithstanding the legal principles declared to them. The present case presents no such extreme situation, however, since it appears that **Kapp** is distinguishable.

The matter of the scope of the tribunal hearing was first considered in **Little v. Rosenthal,** 376 Mass. 573 (1978). There, in dicta, Chief Justice Hennessey, speaking for the Court, pointed out that questions such as fraudulent or deceptive billing practices by a health care provider, would not be subject to the tribunal procedure since they raised "no issue of **medical** 'malpractice, error or mistake' ". **Id.** at 577. The matter has been most fully explored in **Salem Orthopedic Surgeons, Inc. v. Quinn,** 377 Mass. 515 (1979). There, Mr. Justice Quirico spoke for the Court and expressed its holding that the statutory history and composition and procedures of medical malpractice tribunals were all "strongly indicative of a legislative intention that a tribunal should evaluate only the medical aspects of a malpractice claim for the purpose of distinguishing between cases of tortious malpractice and those involving 'merely an unfortunate medical result' ". **Id.** at 521. Thus, in **Salem Orthopedic Surgeons,** a counterclaim alleging breach of an express promise to achieve a medical result was subject to tribunal scrutiny on the limited "issue whether the medical result obtained was consistent with the medical result allegedly promised by the health care provider" but "the

question whether the parties made the agreement as alleged in the counterclaim is beyond the competence of a screening tribunal". **Ibid.**

The distinction drawn in **Salem Orthopedic Surgeons,** has, until **Kapp,** been consistently cited and followed by the Supreme Judicial Court, **McMahon v. Glixman,** Mass. Adv. Sh. (1979) 2277, 393 N.E. 2nd 875, 879-880 (1979) (Quirico, J.) ("the issue whether the plaintiff's claim was barred by the Statute of Limitations was not within the jurisdiction of the tribunal"), and the Appeals Court, **Brodie v. Gardner Pierce Nursing and Rest Home, Inc.,** Mass. App. Ct. Adv. Sh. (1980) 863, 864-865 ("an action for negligent maintenance of a stairway, a conventional building component, does not raise a question requiring expert medical evaluation", and is not properly submitted to a medical malpractice tribunal). Indeed, in **Flagg v. Scott,** Mass. App. Ct. Adv. Sh. (1980) 25, the Appeals Court faced the precise question here presented and in a brief rescript, citing **Little** and **Salem Orthopedic Surgeons,** explicitly held that "the question whether the individual defendant was a person for whose conduct the defendant hospital would be responsible was beyond the competence of the tribunal".

**Flagg** was decided by the Appeals Court on January 3, 1980. On March 20, 1980, Chief Justice Hennessey delivered the opinion of the Court in **Kapp v. Ballantine,** Mass. Adv. Sh. (1980) 755. The focus in **Kapp,** of course, is upon the failure of the plaintiff to present an adequate offer of proof upon the issue of the vicarious liability of the hospital for the conduct of a doctor performing medical services on its premises. Neither the Chief Justice's own opinion in **Little,** nor Mr. Justice Quirico's opinion in **Salem Orthopedic Surgeons,** is discussed in this aspect of **Kapp,** and, perhaps equally important, the Appeals Court decision in **Flagg v. Scott,** decided just two months earlier, is neither referred to nor overruled. From these facts, one can infer that the issue of the scope of review of the

medical malpractice tribunal was not argued to the Supreme Judicial Court in **Kapp,** and a careful review of the record and briefs filed in that action confirms this inference. Therefore, while it was open to the plaintiff in **Kapp** to argue that the tribunal ought have expressed no opinion upon the relationship of the doctor to the hospital in that case, he failed to argue the point and thus lost the right to have the Supreme Judicial Court consider that ground. Mass. R. App. P. 16(4) ("The Appellate Court need not pass upon questions or issues not argued in the brief"). Accordingly, one can readily see that, in light of the record before the Supreme Judicial Court, the **Kapp** decision is fully consistent with the earlier development of the law and does not in any way overrule or impair the authority of **Flagg v. Scott.** The Appeals Court decision in **Flagg v. Scott, supra,** thus is the controlling decision in this case, and the tribunal expresses no opinion concerning the relation of Dr. Goodkind to the Norwood Hospital, such issue being beyond its competence.

**William G. Young, Justice of the**
**Superior Court for the Tribunal**