ROGER GIRARD *vs.* HOWARD R. CRAWFORD. January 25, 1982. The plaintiff has appealed from a judgment which dismissed his action for damages for medical malpractice because he failed to file the bond ordered by the judicial member of a medical malpractice tribunal following the tribunal's consideration of the plaintiff's offer of proof under G. L. c. 231, § 60B, inserted by St. 1975, c. 362, § 5. *McMahon* v. *Glixman*, 379 Mass. 60, 64-65 (1979). The question before the tribunal was whether the medical evidence set out in the offer of proof, if substantiated at trial, would be sufficient to withstand a motion for a directed verdict. *Little* v. *Rosenthal*, 376 Mass. 573, 578 (1978). *McMahon* v. *Glixman*, 379 Mass. at 66. *Gugino* v. *Harvard Community Health Plan*, 380 Mass. 464, 467-468 (1980). *Flagg* v. *Scott*, 9 Mass. App. Ct. 811 (1980). That question was correctly answered in the negative. The plaintiff's claim was based on the opinion of his supposed expert to the effect that the plaintiff's left foot drop had been caused by the negligence of the defendant in failing to identify and retract, and in damaging, the peroneal nerve in the course of performing a surgical procedure known as a left high tibial osteotomy. The sole basis for that opinion was the absence of any reference to the peroneal nerve in an operation report which had been authored by someone other than the defendant. Although the absence of any such reference might have been damaging to the credibility of the author (or possibly to the credibility of the defendant) at a trial of the case, it did not warrant an inference that the nerve had been neglected or damaged in the course of the operation. It follows that the opinion relied on was based on nothing firmer than speculation. Compare *Ruschetti's Case*, 299 Mass. 426, 431-432 (1938); *Sevigny's Case*, 337 Mass. 747, 751-754 (1958); *Lynch* v. *Egbert*, 360 Mass. 90, 91-92 (1971). Contrast *Flagg* v. *Scott*, 9 Mass. App. Ct. at 812. Nor was there any evidence before the tribunal on which a judge could properly have ruled (a) that the supposed expert would be competent to testify at trial to the opinion already adverted to (see and contrast *Kapp* v. *Ballantine*, 380 Mass. 186,

192-193 [1980]; *Delicata* v. *Bourlesses,* 9 Mass. App. Ct. 713, 716 n.1 [1980]) or (b) that the medical treatise (if it is that) relied on by the plaintiff (see *Gugino* v. *Harvard Community Health Plan,* 380 Mass. 464, 465-466 [1980]), but not referred to by the supposed expert, would be admissible at trial under the provisions of G. L. c. 233, § 79C, as appearing in St. 1965, c. 425 (see *Mazzaro* v. *Paull,* 372 Mass. 645 [1977], and cases cited; Liacos, Massachusetts Evidence 109-110, 352-353 [5th ed. 1981]).

*Judgment affirmed.*

*Eugene J. Mulcahy* for the plaintiff.
*Deborah A. Bloom* for the defendant.