SHARON M. BLOOD & another[1] vs. FREDERICK G. LEA
& another.[2]

Middlesex.   September 15, 1988. — November 21, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

Medical Malpractice, Tribunal. Negligence, Medical malpractice. Practice,
   Civil, Appeal. Evidence, Expert opinion.

In a medical malpractice action, the plaintiffs permissibly and correctly
   moved for entry of final judgment of dismissal of their claims in order
   to seek review, without first filing a bond and going to trial, of an
   adverse decision of the medical malpractice tribunal. [432]
In a medical malpractice action, the plaintiffs' offer of proof to the medical
   malpractice tribunal was sufficient to raise a legitimate question of lia-
   bility appropriate for judicial inquiry, and the tribunal's decision in favor
   of the defendants was therefore error. [432-435]
This court was of opinion that the plaintiffs' failure to object, prior to any
   hearing by a medical malpractice tribunal, to the tribunal's composition
   on the ground that the medical member lived or practiced in the same
   county as that in which the defendant hospital was located and the
   defendant physician practiced, would amount to a waiver of this objec-
   tion. [435-436]

CIVIL ACTION commenced in the Superior Court Department
on November 6, 1985.

A motion to dismiss was heard by Joseph S. Mitchell, Jr.,
J., and judgment was ordered by Andrew G. Meyer, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

Alice B. Burkin for the plaintiffs.
Lee J. Dunn, Jr., for Frederick G. Lea.
Pamela C. Slater for Emerson Hospital.

---

[1] Richard E. Blood. Richard E. Blood brought his complaint both individu-
ally and as father and next friend of his minor child, Richard E. Blood, Jr.

[2] Emerson Hospital.

ABRAMS, J. The plaintiffs, the parents of Richard E. Blood, Jr., appeal from a final judgment dismissing their individual claims against the two defendants, Frederick G. Lea, M.D., and Emerson Hospital. The complaint alleged negligence in the care and treatment of Sharon Blood during pregnancy, labor, and subsequent delivery of Richard E. Blood, Jr., and that such negligence resulted in severe damage and harm to Richard E. Blood, Jr.

Pursuant to G. L. c. 231, § 60B, a medical malpractice tribunal was convened. The tribunal held a hearing and concluded that the "evidence" presented to it, even if substantiated at trial, is insufficient to raise a legitimate question of liability appropriate for judicial inquiry. See G. L. c. 231, § 60B, first par. Pursuant to Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), the plaintiffs moved for final judgment in their individual cases. After hearing, a judge entered an order for judgment pursuant to Mass. R. Civ. P. 54 (b). Thereafter, a final judgment entered dismissing Sharon M. Blood's and Richard E. Blood's individual claims.[3]

On appeal, the plaintiffs allege error in the determination of the tribunal and in the composition of the tribunal.[4] We granted direct appellate review on our own motion. We agree with the plaintiffs that the tribunal erred in its determination that the plaintiffs' offer of proof is insufficient to raise a legitimate question of liability appropriate for judicial inquiry. We

---

[3] General Laws c. 231, § 60B, as amended by St. 1985, c. 759, § 3, provides in part: "If a finding is made for the defendant the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of two thousand dollars . . . , payable to the defendant for costs assessed . . . if the plaintiff does not prevail in the final judgment. . . . If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed."

Because the plaintiffs filed two checks in the amount of $2,000 each, one check for each defendant, the judge did not dismiss the claims of Richard E. Blood, Jr., against the two defendants.

[4] On the result we reach, we need not discuss the plaintiffs' claim that, in a malpractice case with derivative claims by family members, the family should be treated as a single plaintiff for purposes of determining the amount of the bond. We do not express our views because St. 1986, c. 351, substantially changed the wording of the bond section of G. L. c. 231, § 60B, and the issue therefore is unlikely to recur in the same context.

conclude that the plaintiffs waived any challenge to the composition of the tribunal. We reverse and remand for further proceedings.

1. *The appeal.* The defendants assert that the plaintiffs' appeal is not properly before the court, and hence we should not consider their claims of error. Rather, they argue that we should dismiss the appeal. We do not agree.

Plaintiffs in a medical malpractice action may elect "to have the alleged legal errors reviewed on appeal without first filing a bond and going to trial . . . . [They] thereby run[] the risk of being out of court entirely if [their] claim of error by the tribunal is decided adversely to [them] . . . . It is for [them] to decide whether [they are] willing to assume the potentially fatal risks of pretrial review after failing or refusing to file a bond." *Kapp* v. *Ballantine*, 380 Mass. 186, 190-191 (1980). *McMahon* v. *Glixman*, 379 Mass. 60, 63-64 (1979).

We turn to the record to determine whether the plaintiffs properly appealed from the judgment. After the tribunal's determination, the plaintiffs moved to strike the findings of the tribunal because of an error in the composition of the tribunal. That motion was denied. The plaintiffs moved for a report of the issue of the composition of the tribunal. That motion was denied. Pursuant to Mass. R. Civ. P. 54 (b), the plaintiffs then moved for entry of final judgment dismissing their individual claims, and leaving pending the claims of Richard E. Blood, Jr. See note 3, *supra*. A Superior Court judge expressly found that the allowance of the motion for final judgment would "advance the just, speedy and inexpensive determination of this action" and that "[t]here is therefore no just reason for delay in the entry of Final Judgment in favor of [the defendants] against Plaintiffs Sharon M. Blood and Richard E. Blood, individually with respect to their claims." A final judgment entered on February 26, 1987, and on March 5, 1987, the plaintiffs filed a notice of appeal. On these facts, it is clear that "[t]he judgments as to the plaintiff[s'] claims were final and appealable." *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 677 (1977). See Mass. R. Civ. P. 54 (b).

2. *The tribunal's determination.* The plaintiffs argue that the tribunal erred in its determination that the evidence presented was not sufficient to raise a legitimate question of liability appropriate for judicial inquiry. The plaintiffs correctly state that the tribunal must use the same standard that a judge would use "in ruling on a defendant's motion for directed verdict." *Little* v. *Rosenthal*, 376 Mass. 573, 578 (1978). "The applicable standard is comparable to that applied to a defendant's motion for a directed verdict, and appraisal of the *weight* and *credibility* of the evidence is *impermissible*" (emphasis added). *Gugino* v. *Harvard Community Health Plan*, 380 Mass. 464, 468 (1980).[5] "A plaintiff's offer of proof as to negligence will prevail before a malpractice tribunal . . . (1) if a doctor-patient relationship is shown, (2) if there is evidence that the doctor's performance did not conform to good medical practice, and (3) if damage resulted therefrom." *Kapp* v. *Ballantine*, 380 Mass. 186, 193 (1980).

The plaintiffs' offer of proof consisted of defendant Dr. Lea's office records; the discharge summary, labor and delivery summary and labor progress sheet from defendant Emerson Hospital; an opinion letter from Dr. Saul Lerner[6]; and a report from Dr. Martin Feldman.[7]

The doctor-patient relationship and hospital-patient relationship are clear from the records, and the defendants do not dispute the relationship each had with the plaintiffs. Thus, the remaining issues for the tribunal were whether Dr. Lea and the hospital fell below the standard of good medical practice and whether damage resulted.

---

[5] Contrary to the defendant's argument, the tribunal's function is not to "evaluate" the evidence in the full sense of that term. *Little* v. *Rosenthal*, 376 Mass. at 578 & n.4. Its function is limited to the determination of the sufficiency of the plaintiff's offer of proof, if that offer can be substantiated at trial, and does not include an assessment of the credibility of potential witnesses.

[6] The letter was accompanied by a four and one-half page document detailing Dr. Lerner's qualifications and expertise in the field of obstetrics.

[7] The report from Dr. Feldman merely recited the condition of Richard E. Blood, Jr., at the time of the hearing.

The plaintiffs offered a letter from Dr. Saul Lerner, a physician practicing obstetrics and gynecology in Worcester and professor of obstetrics and gynecology at the University of Massachusetts Medical Center. In the course of the letter, Dr. Lerner detailed the requirements of good medical practice in a case of pregnancy-induced hypertension and intrauterine growth retardation, including prompt diagnosis, fetal assessment, early intervention, and heightened alertness to the warning signs of fetal stress at delivery, and he specified how the defendants failed to meet those requirements.

In his letter, Dr. Lerner concluded that the "baby was in danger all of the last month of the pregnancy . . . [and that the] baby was further compromised by the failure of staff and physician to recognize the significance of the ominous fetal monitoring patterns being displayed immediately following admission to the hospital. This delay in rescuing the fetus from its dangerous predicament probably contributed to the damage to this baby's brain."

The defendants attack Dr. Lerner's letter on several grounds. They make much of the word "probably" in the last sentence of Dr. Lerner's letter, asserting that it does not sufficiently support the allegation of a causal link between the malpractice and the injury. A medical expert's assessment of a "probable" causal link between an alleged negligent act and an alleged injury is sufficient basis for consideration by a trier of fact. *Berardi* v. *Menicks*, 340 Mass. 396, 402 (1960). The defendants assert that Dr. Lerner's opinion is based on surmise and conjecture. We do not agree. Doctor Lerner's opinion is based on the medical information in the records of Dr. Lea and Emerson Hospital. Doctor Lerner's opinion is not mere "speculation," but rather an opinion based on records before the tribunal. See *Girard* v. *Crawford*, 13 Mass. App. Ct. 916 (1982). The defendants suggest that, in light of Dr. Lerner's expertise, he held the defendants to too high a standard. That argument goes to the weight of the evidence, not to its sufficiency.

The documents offered by the plaintiffs, taken in the light most favorable to them, and with all permissible inferences,

are sufficient to permit a reasonable fact finder to find that the defendants' acts or omissions caused the injury to the plaintiffs. The tribunal's decision in favor of the defendants therefore is in error.

3. *The composition of the tribunal.* In view of our decision on the sufficiency of the plaintiffs' offer of proof, we need not pass on the composition of the tribunal. Nevertheless, because the issue has been fully argued, we express our opinion. *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

General Laws c. 231, § 60B, requires that the medical member of the tribunal be chosen from a list which "consist[s] only of physicians who practice medicine outside the county where the defendant practices or resides or if the defendant is a medical institution . . . outside the county where said institution . . . is located." The plaintiffs assert that the medical member of the tribunal convened in their case practices in Middlesex County as does Dr. Lea. Emerson Hospital is located in Middlesex County. The plaintiffs claim that the tribunal therefore lacked "jurisdiction" to hear this matter. We do not agree.

The statute requires a physician member on the tribunal so that he or she may lend expertise in medical matters and assist in screening out nonmeritorious claims. See *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 657 (1977). The physician member's place of practice or residence does not affect his or her expertise or the ability of the tribunal to fulfil its function of screening out nonmeritorious claims. "Jurisdiction concerns and defines the power of courts, encompassing the power to inquire into facts, apply the law, make decisions, and declare judgment." *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 662 (1978). In our view, the geographical area in which the physician member of the panel resides or practices is more akin to venue than to jurisdiction. Venue, of course, may be waived. *Paige* v. *Sinclair*, 237 Mass. 482, 484 (1921).

The plaintiffs, who knew of the physician member's identity before the hearing date, failed to object to the composition of

the tribunal prior to the hearing. Absent an objection, the place of residence or place of practice of the physician member is not "sufficient ground to deny the existence of a jurisdiction which was intended by the Legislature to be given." *Commonwealth* v. *New York Cent. & H.R.R.R.*, 206 Mass. 417, 428 (1910). Therefore, we deem the plaintiffs' failure to note their objection in a timely fashion a waiver of their objection. The judge correctly denied the motion to strike the tribunal's determination on the ground of "jurisdiction."

4. *Conclusion.* The judgment dismissing the plaintiffs' individual claims is vacated. The matter is remanded to the Superior Court, where the tribunal's decision is to be struck, and, in substitution therefor, a determination shall be entered that the offer of proof by the plaintiffs is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

*So ordered.*