Carhart, J.
BACKGROUND
The plaintiff (Bartels) initiated suit against the defendant (Leighton), a hypnotherapist, alleging negligence, breach of fiduciary duty, battery, money had and received, invasion of privacy, and intentional infliction of emotional distress. Bartels also brought an action under MGL Chapter 93A seeking enhanced damages and attorneys fees.
Prior to initiating suit Bartels served a demand letter, pursuant to MGL Chapter 93A, on Leighton. Leighton did not respond to the demand letter. During the pre-trial process Bartels served 89 requests for admissions on Leighton. Leighton did not respond to the request for admissions. On February 4, 1993 summary judgment was entered in favor of Bartels.
On May 23, 1994 a jury was empaneled and the first six counts of the complaint were tried on the issue of damages. Count Seven was reserved for judgment by the Court. Bartels alleged that Leighton, who held himself out to be a hypnotherapist with a PhD, engaged in sexual conduct with the plaintiff while she was being treated by Leighton. Bartels was Leighton’s patient for two and one-half months. The relationship lasted approximately ten months.
Bartels alleged that Leighton took advantage of her vulnerable state by using the therapeutic environment of hypnotherapy to advance his sexual desires. Bartels alleged that she suffered permanent emotional trauma as a result of the defendant’s conduct.
On May 27, 1994 the jury returned a verdict in Bartels’s favor in the sum of five hundred and fifty thousand dollars ($550,000). Bartels now seeks to have the damages enhanced pursuant to MGL Chapter 93A, and for injunctive relief. I find that Leighton’s failure to respond to Bartels’s demand letter is a violation of MGL Chapter 93A. I find that Leighton’s conduct, which breached his fiduciary duty to Bartels, was in violation of MGL Chapter 93A. Accordingly, I am ordering the jury’s verdict of five hundred fifty thousand dollars ($550,000) doubled to the sum of one million one hundred thousand dollars ($1,100,000).
I find that Leighton’s conduct is violative of the ethical obligation of a therapist and therefore I enjoin Leighton from the further practice of hypnotherapy until such time as he presents the Court with a plan of practice that will insure adequate supervision of his conduct.
FACTS
Based upon the testimony of the witnesses and the exhibits introduced at trial, I find the following facts:
In October 1989, the plaintiff (Bartels) went to the defendant’s (Leighton) place of business for the purpose of receiving hypnotherapy treatment. Leighton was engaged in the trade of hypnotherapy in 1989 and 1990. Bartels had seen an advertisement in the Yellow Pages that described Leighton as a hypnotherapist with a PhD. Bartels paid Leighton for hypnotherapy and was a patient from October 1989 until January 1990. Bartels sought treatment from Leighton for stress, insomnia and depression. Leighton was not a licensed psychologist nor did he have a PhD. No license is necessary to provide hypnotherapy services. During therapy sessions Leighton wore a white coat *349 and assumed the role of a physician. During the course of the therapy sessions Bartels related personal information to Leighton. Bartels was a client of Leighton’s from October 29, 1989 until January 15, 1990. During that time Leighton engaged in sexual relations with Bartels. That relationship lasted until August 1990. Leighton sent Bartels letters that were sexually graphic, if not pornographic, in nature.
As a result of Leighton’s acts, Bartels has been in counseling since October of 1990. Bartels now suffers from depression, anxiety and post-traumatic stress disorder. These conditions resulted from Leighton’s conduct. Bartels is currently taking Prozac for her condition, and the prognosis for Bartels’s full recovery is not good. Bartels will need long-term care for her condition. Bartels, who had previously had many jobs, is unable to work as a result of her condition.
Leighton breached his fiduciary duty of care to Bartels. Bartels had sought treatment from him for depression, insomnia and stress, and Leighton failed to properly treat Bartels.
RULINGS OF LAW
MGL Chapter 93A, Section 9 provides in part:
(3) At least thirty days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent. Any person receiving such a demand for relief who, within thirty days of the mailing or delivery of the demand for relief, makes a written tender of settlement which is rejected by the claimant may, in any subsequent action, file the written tender and an affidavit concerning its rejection and thereby limit any recovery to the relief tendered if the court finds that the relief tendered was reasonable in relation to the injury actually suffered by the petitioner. In all other cases, if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know that the act or practice complained of violated said section two. For the purposes of this chapter, the amount of actual damages to be multiplied by the court shall be the amount of the judgment on all underlying transaction or occurrence, regardless of the existence or nonexistence of insurance coverage available in payment of the claim. In addition, the court shall award such other equitable relief, including an injunction, as it deems to be necessary and proper. The demand requirements of this paragraph shall not apply if the claim is asserted by way of counterclaim or cross-claim, or if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth, but such respondent may otherwise employ the provisions of this section by making a written offer of relief and paying the rejected tender into court as soon as practicable after receiving notice of an action commenced under this section. Notwithstanding any other provision to the contrary, if the court finds any method, act or practice unlawful with regard to any security or any contract of sale of a commodity for future delivery as defined in section two, and if the court finds for the petitioner, recovery shall be in the amount of actual damages . . .
(4) If the court finds in any action commenced hereunder that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney’s fees and costs incurred in connection with said action.
The initial analysis concerns the applicability of MGL Chapter 93A to the rendering of hypnotherapy services. No license is required to perform the services and no administrative board oversees practitioners. By analogy, however, the practice of hypnotherapy can be compared, for purposes of MCL Chapter 93A only, to the practice of medicine. The practice of medicine involves the rendering of medical services, including therapy, to the public. Chapter 93A claims made against a physician for medical services, however, require the convening of a medical malpractice tribunal. Little v. Rosenthal, 376 Mass. 573 (1978). Here, there is no such requirement, yet the analysis is similar. In this case Leighton held himself out to be something that he was not — a therapist with a PhD. Bartels relied upon his advertisement and sought treatment from Leighton. Since there was a deceptive act by Leighton — the incorrect listing of himself as a PhD, who would provide ethical therapeutic services— and reasonable reliance thereon, I find that Chapter 93A applies to this case.
The second issue to be resolved is the award of damages. Bartels is suffering from a permanent condition causally related to Leighton’s conduct. Leighton’s violation of trust escalated to the degree of intentional infliction of emotional distress. Such conduct is actionable under MGL Chapter 93A. Haddad v. Gonzalez, 410 Mass. 855 (1991). The jury found the causal relationship and I cannot say that I disagree with that finding. The materials sent to Bartels exhibit a total disregard for any standards of ethics in conjunction with the rendering of allegedly therapeutic services. I will, therefore, double the jury’s verdict to the sum of one million, one hundred thousand dollars ($1,100,000).
*350 I further find that Leighton’s past conduct poses a potential threat to consumers who might avail themselves of his services. I therefore enjoin Leighton from engaging in the practice of hypnotherapy in this Commonwealth until such time as he has presented this Court with a plan of practice that will insure adequate supervision of the rendering of hypnotherapy services.
Finally, Bartels seeks the award of counsel fees. This case was tried in a very professional manner by both counsel for the plaintiff and counsel for the defendant. Bartels has filed an affidavit in support of the request for counsel fees. Counsel for Bartels is seeking the award of a contingent fee based upon the verdict. Such a request is inappropriate in this situation. The statute does not contemplate a contingent fee, but, rather, a set fee based upon work performed on the case. On the basis of the affidavit I cannot award counsel fees. Accordingly, I decline to do so.