Welsh, J.
This is a civil action in tort for personal injuries and consequential damages sustained when a crutch supplied by the defendant came apart, causing the plaintiff to fall.
The defendant denied negligence and asserted that the damages incurred were not the result of any fault on the part of the defendant.
Upon motion of the defendant, the case was transferred to the Superior Court on January 13,1995 in order that a medical malpractice tribunal might be convened agreeable to G.L.c. 231, §60B. Notice was duly given to the parties at the hearing scheduled for March 20,1996. The plaintiff was notified that if he intended to rely upon a written offer of proof, such written offer was to have been submitted seven days before the convening of the tribunal. At the hearing, the plaintiff offered an affidavit by Marlene Landa, a registered nurse. This affidavit was accepted by the tribunal. The plaintiff then sought to introduce a series of bills. None of these bills were incorporated in the offer of proof, nor was there compliance with that portion of the order that such materials be submitted at least seven days before the hearing. The judge conducting the tribunal rejected the bills sought to be introduced. The judge’s action was neither arbitrary nor an abuse of discretion, especially in the light of no credible explanation from the plaintiff or his attorney for not complying with the rules of the tribunal as offers of proof.
The tribunal concluded that the offer of proof and the evidence presented by the plaintiff were not sufficient to raise a legitimate question of liability appropriate for further judicial inquiry and ordered that plaintiff post a bond for the penal sum of $6,000 within 30 days of the tribunal’s Finding and Order. The plaintiff neither complied with the Order nor sought an enlargement of the time to comply. Upon remand to the district court, the trial court allowed the defendant’s motion to dismiss and a judgment of dismissal was entered.
There was no error.
The statute states that a medical malpractice action “shall be dismissed” if bond is not posted in 30 days after an adverse decision by a medical malpractice tribunal. “Shall” is *202 construed in its imperative sense. Hanley v. Polanzak, 8 Mass. App. Ct. 270, 273 (1979). The plaintiff neither posted the bond required nor moved for a reduction of the penal sum of the bond in 30 days, nor did he appeal. His failure to pursue one of these courses was at his peril. Blood v. Lea, 403 Mass. 430, 432, (1988). In these circumstances, the district court judge had no option but to dismiss the action. Austin v. Boston University Hospital, 372 Mass. 654, 661 (1977).
The plaintiff might have appealed the decision of the tribunal but did not do so. McMahon v. Glixman, 379 Mass. 60, 63-64 (1979).
If we assume arguendo that the appellate division of the District Courts has jurisdiction in these circumstances to review the decision of the tribunal, there would be no error. See Police Commissioner of Boston v. Municipal Court of the Dorchester District, 374 Mass. 640, 662-663, 664, 665, n. 18 (1978). It was incumbent upon the plaintiff in his offer of proof to demonstrate a causal connection between any supposed negligence by the defendant and his injuries. The affidavit of the nurse merely opines that the better practice would be to inspect the crutches, but there was no credible evidence as to the standard of care or a breach of that standard by the defendant. There was an appreciable lapse of time from the departure from the hospital and the occurrence of the injury. The offer of proof utterly fails to show that it was more likely than not that the crutches were furnished the plaintiff in a defective condition. See Little v. Rosenthal, 376 Mass. 573 (1978). The tribunal’s task is comparable to that of a trial judge in ruling on a defendant’s motion for a directed verdict. Id. at 578. The ipse dixit of the nurse in her affidavit did not satisfy the plaintiff’s burden in this regard.
The judgment dismissing the action is affirmed.
So ordered.