McHugh, J.
The 80 counts and 418 paragraphs of this complaint allege libel and a violation of G.L.c. 93A. Plaintiffs allege that they are providers of physical therapy to members of the public who have been injured in automobile accidents. They allege that under G.L.c. 90 §34M, they were required to bill to an appropriate automobile insurance carrier the first $2,000 of therapy services they rendered. Both of the individual defendants are physical therapists who were engaged by various automobile insurers to review claims plaintiffs, and others submitted, and to render opinions to the insurers about whether the claims should be paid. Plaintiffs allege that some opinions defendants rendered regarding some of the services plaintiffs provided were false and defamatory and amounted to a violation of G.L.c. 93A.
The individual defendants now have moved for convocation of a tribunal under G.L.c. 231, §60B, claiming that the complaint alleges “malpractice, error or mistake against a provider of health care” and thus that a tribunal is required. I disagree.
G.L.c. 231, §60B is surely broad, so broad that it sweeps beyond the confines of the traditional doctor-patient relationship. See, e.g., Little v. Rosenthal, 376 Mass. 573, 576-77 (1978); Lambley v. Kameny, 43 Mass.App.Ct. 277, 283 (1997). No rational reading of the statute, however, supports the conclusion that the statute’s broad language creates a screening scheme applicable to certain individuals because of their status, i.e., that a physician who is a defendant in an action arising out of *256 an automobile accident is entitled to a tribunal because he is a physician accused of an "error or mistake.” On the contrary, the tribunal is limited to consideration of “treatment-related” claims asserted against health-care providers. Little, supra, 376 Mass. at 576; Brodie v. Gardner Pierce Nursing & Rest Home, 9 Mass.App.Ct. 639, 642 (1980).
Here there are no “treatment related” claims, however broadly the quoted term is defined. No one alleges that defendants provided to anyone anything that remotely resembled “treatment.” Instead, they simply offered commentary on treatment provided by others. Moreover, while other health-care providers might, and probably can, be found who will agree or disagree with the evaluations defendants rendered to the insurers who hired them, there is no suggestion anywhere in the papers that there is some medical standard by which the adequacy or propriety of their assessment of plaintiffs’ work can or should be evaluated. There thus is no alleged act or omission upon which the tribunal can bring its theoretical expertise to bear.
ORDER
In light of the foregoing, it is hereby ORDERED that defendants’ motion for convocation of a medical malpractice tribunal should be, and it hereby is, DENIED.