Tucker, Richard T., J.
This is a civil action which alleges the negligence of the defendant Fairlawn Medical Investors, LLC (Fairlawn) in the operation and maintenance of its premises. The plaintiff Lisa Fadgen (Fadgen) alleges that while visiting her mother, a patient at the defendant’s institution, she was knocked to the ground by a wheel chair-bound patient who backed into her. Fadgen claims injuries as a result of this incident and has brought suit alleging the negligence of the defendant in the maintenance of its common hallways and corridors. Plaintiffs pleading complicates this premise’s negligence claim in its last paragraph where it states:
On or about April 20, 2006, as a direct and proximate result of the defendant’s negligent and careless conduct in failing to supervise, warn of and/or restrain a patient located within said nursing home, said patient being known by said defendant to have dangerous propensities, the patient fell and suffered serious personal injury, economic harm, and pain and suffering.
Drawing upon this reference to the care and treatment of and the failure to restrain the patient in the wheelchair, the defendant has requested the convening of a medical malpractice tribunal for the purpose of screening this action to determine whether it is suitable for further judicial inquiry. Plaintiff objects and argues that she has brought a negligence claim for plaintiffs injuries caused by “the careless and negligent supervision of a hallway in the nursing home.” She maintains that the Medical Malpractice Tribunal Statute, G.L.c. 231, §60B, is not applicable to such claims.
DISCUSSION
The statute requires that “all treatment-related claims” must be referred to the medical malpractice tribunal and subjected to the tribunal’s screening procedures. Little v. Rosenthal, 376 Mass. 573, 576 (1978). The statute states that it is meant to be applied to “every action for malpractice, error or mistake against a provider of health care.” G.L.c. 231, §60B, para. 1. Therefore, only alleged medical malpractice claims are to be appraised by the tribunal. Little, 376 Mass. at 576 (claim of false or deceptive medical billing not to be considered by tribunal).
In the instant case it is clear that a doctor-patient relationship did not exist at any time between the defendant and the plaintiff. This, however, does not preclude the applicability of the tribunal. Santos v. Kim, 429 Mass. 130, 132 (1999) (noting that G.L.c. 231, §60B does not require doctor-patient relationship as predicate for its application). Fairlawn recognizes this fact and cites the recent case of Coombes v. Florio, 450 Mass. 182 (2007), as stating that a doctor or medical provider “may be liable to someone other than *32 his patient for harm caused by his failure to warn to anyone whom that failure to warn foreseeably puts at risk.” Memorandum of Defendant at page 5. In Coombes, the Supreme Judicial Court held that a physician owed a duty to a third party injured in a motor vehicle accident allegedly caused by the doctor’s failure to warn his patient that the medications prescribed could impact his patient’s ability to drive. Id. at 192-95. The defendant physician owed such a duty as a matter of “ordinary negligence.” Id. at 186. The Court was clear in stating its decision that Coombes was “not a malpractice claim...” Id. Thus no malpractice tribunal was convened in the Coombes case.
The claim presented herein is likewise an ordinary negligence claim brought by the plaintiff for the injuries sustained as the result of the alleged negligent maintenance of the halls or corridors of the defendant’s properly. Accordingly, the plaintiffs motion to quash defendant’s request for a medical malpractice tribunal is ALLOWED.