NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1191

ALFREDO ZAMORA, personal representative,[1]

vs.

THOMAS STREETER & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Alfredo Zamora, as personal representative

of the estate of the decedent, Maria Dias, appeals from a

separate and final judgment of the Superior Court dismissing his

medical malpractice claim against Dr. Rayford Kruger.  See Mass.

R. Civ. P. 54 (b), 365 Mass. 820 (1974).  See also Blood v. Lea,

403 Mass. 430, 431 (1988) (permitting appeal from rule 54 [b]

dismissal in medical malpractice action).  The case against Dr.

Kruger was dismissed after a medical malpractice tribunal found

that the plaintiff's offer of proof was insufficient as to Dr.

_____

[1] Of the estate of Maria Dias.

[2] Rayford Kruger; Paul Vivino; and Hawthorn Medical Associates, LLC, also known as HMA Physicians Realty LLC.

Kruger, and the plaintiff thereafter failed to post the required bond.  On appeal, the plaintiff claims that (1) the offer of proof "raise[d] a legitimate question of liability appropriate for judicial inquiry," G. L. c. 231, § 60B, as to Dr. Kruger; and (2) the tribunal erred in ruling on an impermissible basis not in evidence.  We affirm.

Discussion.  1.  Offer of proof.  The plaintiff claims that the expert letters included in the offer of proof contained sufficient detail regarding the standard of care applicable to Dr. Kruger, and his failure to conform thereto, to raise a legitimate question of liability appropriate for judicial inquiry under § 60B.  We disagree.

A plaintiff's offer of proof is sufficient "(1) if the defendant is a health care provider as defined in G. L. c. 231, § 60B, (2) if there is evidence that the [health care provider's] performance did not conform to good medical practice, and (3) if damage resulted therefrom" (quotation and citations omitted).  Feliciano v. Attanucci, 95 Mass. App. Ct. 34, 37 (2019).  The standard of review "is comparable to that applied to a defendant's motion for a directed verdict."  Gugino v. Harvard Community Health Plan, 380 Mass. 464, 468 (1980). The question is whether, "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in

2

favor of the plaintiff" (citation omitted).  St. Germain v. Pfeifer, 418 Mass. 511, 516 (1994).  "The evidence is to be viewed in a light favorable to the plaintiff . . . and the tribunal may not examine the weight or credibility of the evidence. . . .  However, an offer of proof 'must comprise more than mere conclusory allegations'" (citation omitted).  Cooper v. Cooper-Ciccarelli, 77 Mass. App. Ct. 86, 91 (2010).

Fatal to the plaintiff's offer of proof is its failure to address the standard of good medical practice applicable to Dr. Kruger's particular role in the decedent's care.  The Charlton Memorial Hospital records distinguish the roles of Dr. Streeter and Dr. Kruger in performing the decedent's March 6, 2020, laparoscopic sleeve gastrectomy and in her overall care; Dr. Streeter treated the decedent before and after the procedure and is listed as the "[s]urgeon," whereas Dr. Kruger is listed as the "[a]ssistant . . . whose assistance was necessary because of extraordinarily dense adhesions from the patient's past splenectomy."  The expert letters acknowledge that "[t]he surgery was performed by Dr. Streeter with the assistance of Dr. Kruger due to the dense adhesions."  However, the letters do not differentiate in any way between the standards of care applicable to each physician and are devoid of any assertion that the standard of care required of an assistant surgeon, brought in for the specific purpose of addressing dense

3

adhesions in a reattempted abdominal surgery, includes "providing pre/peri/post-operative management of anticoagulation."[3]  "[E]ven under the indulgent reading to which it [is] entitled," Cooper, 77 Mass. App. Ct. at 93, there is nothing in the offer of proof to suggest that Dr. Kruger, in the aforementioned role, was responsible for the management of the decedent's anticoagulation.  The conclusory assumption of such responsibility, is insufficient to raise a legitimate question of liability appropriate for judicial inquiry.  See id. at 91.

2.  Demand for tribunal.  Next, the plaintiff claims that Dr. Kruger's demand for a tribunal failed to assert a factual distinction between his role and that of Dr. Streeter, and, since "Superior Court Rule 73 requires that a defendant's '[d]emand . . . specify each respect . . . in which . . . the offer of proof fails to raise a legitimate question of liability," the issue was waived and improperly considered by tribunal.

_____

[3] The plaintiff erroneously cites to St. Germain, 418 Mass. at 519, in arguing that it is "contrary to the law for the tribunal to apparently rule that an assisting surgeon . . . should not be held to the applicable standard of care for a surgeon performing such a procedure."  Contrary to the plaintiff's assertion, the cited portion of St. Germain stands merely for the proposition that a doctor's experience level does not alter the applicable standard of care; it does not support the conclusion that an assisting surgeon, assigned to address a specific issue, is necessarily subject to the same standard of care as the primary surgeon.  See id.

4

Preliminarily, we note that the plaintiff's brief fails to cite legal authority in support of this argument. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies"). See also Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error, lacking legal argument and authority," do not rise to level of appellate argument). Accordingly, we treat it as waived.

Even if it were not waived, the argument would fail for two reasons: (1) Dr. Kruger's demand raised this issue by stating, "[t]he [p]laintiff and his experts failed to appreciate the various roles of the multiple clinicians involved in the decedent's care during the relevant time"; and (2) the plaintiff improperly construes the medical member's statements at the tribunal hearing, regarding the respective roles of Dr. Kruger and Dr. Streeter, as the rationale underlying the tribunal's decision, see Cooper, 77 Mass. App. Ct. at 91 ("the tribunal's hearing is not the tribunal's decision, nor is it the rationale for its decision any more than a transcript of an oral argument

in this court would serve those purposes").  Accordingly, the claim is without merit.

Judgment dated August 21, 2024, affirmed.

By the Court (Meade, Shin & Tan, JJ.[4]),

Clerk

Entered:  June 26, 2025.

---

[4] The panelists are listed in order of seniority.

6