BARBARA G. CHAMPAGNE, administratrix, *vs.*
MASSACHUSETTS NURSES ASSOCIATION & another[1];
GERALD HAIDAK & others,[2] third-party defendants.

Berkshire. December 8, 1988. — January 9, 1989.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Medical Malpractice*, Tribunal. *Contribution. Words*, "Treatment."

A medical malpractice tribunal should not have been convened to screen a
third-party action in which an association of health care providers sought
contribution from a health care provider as a joint tortfeasor. [755-756]

CIVIL ACTION commenced in the Superior Court Department
on March 20, 1984.

Following a decision by a medical malpractice tribunal, entry
of judgment as to the third-party complaint was ordered by
*Lawrence B. Urbano*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*James F. Lamond* for Massachusetts Nurses Association &
another.

*Daniel A. Ford* for Gerald Haidak & others.

NOLAN, J. The plaintiff, Barbara G. Champagne, alleges in
her complaint that her intestate (Peter A. Hohn) was seriously
injured in a motor vehicle accident on September 28, 1981,
and was taken to the Berkshire Medical Center (BMC). At the
time of Hohn's admission to BMC, the registered nurses em-
ployed by BMC and represented for collective bargaining pur-
poses by the defendant, Massachusetts Nurses Association (as-
sociation), were on strike against BMC. Champagne alleges
that the association had represented to the general public and

---

[1] Shirley B. Astle.

[2] Raymond F. Conway and the Berkshire Medical Center.

to the physicians and emergency medical personnel serving Berkshire County that registered nurses would be available to care for seriously injured patients admitted to BMC. She further alleges that emergency medical personnel, relying on this representation, transported Peter Hohn from the scene of the accident to BMC, where an examining physician decided that he required placement in BMC's intensive care unit and that his condition demanded continuous monitoring by a registered nurse. The attending physician requested that the association make a nurse available in order to accommodate Peter Hohn in the intensive care unit. The association, through its associate director, the defendant Astle, denied this request. As a result, Peter Hohn was transferred to another health care facility where he died on October 8, 1981. Champagne alleges that Hohn's death was a consequence of the transfer.

The association filed a third-party complaint in which it impleaded two physicians and BMC. The third-party defendants requested the convocation of a medical malpractice tribunal pursuant to G. L. c. 231, § 60B (1986 ed.). The association, as third-party plaintiff, filed a motion to stay the calling of the tribunal. The motion was denied after hearing, and the tribunal was convened on December 16, 1986. The tribunal ruled that the association had not raised a legitimate question of liability appropriate for judicial inquiry as to any of the third-party defendants. Consequently, the association was ordered to post bonds or to face dismissal. The association did not post bonds, and it appealed from the Superior Court's judgment of dismissal against it. We transferred the case to this court on our own motion.

The single issue on appeal is the propriety of convening a medical malpractice tribunal in connection with this third-party complaint. We hold that it was error to convene the tribunal and to dismiss the third-party complaint.

The thrust of the third-party complaint was for contribution among alleged tortfeasors. We have not yet decided the question of the appropriateness of convening a tribunal to screen an action for contribution brought by an association of health care providers against a health care provider.

The statute describes the function of the tribunal as one which separates malpractice claims into two groups: (1) those appropriate for judicial evaluation; and (2) those involving merely an unfortunate medical result. *Salem Orthopedic Surgeons, Inc.* v. *Quinn*, 377 Mass. 514, 521 (1979). We have emphasized that, without apparent exception, all treatment-related claims are to be screened by the tribunal. *Little* v. *Rosenthal*, 376 Mass. 573, 576 (1978). The word "treatment," in this context, has consistently referred to a plaintiff's treatment by a health care provider. In the present case, the third-party plaintiff is an association of health care providers to whom no treatment could be directed. The Legislature could not have intended this result.

In sum, the medical malpractice tribunal should not be convened to screen a third-party case where an association of health care providers seeks contribution from a health care provider.

*Judgment reversed.*