GRETCHEN LEININGER *vs.* FRANKLIN MEDICAL CENTER
& others.[1]

Franklin. December 9, 1988. — March 7, 1989.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Medical Malpractice*, Tribunal. *Mental Health.*

Claims seeking damages for violation of the plaintiff's civil rights, for false
imprisonment and for intentional infliction of emotional distress brought
against a mental health facility, its director, and a physician for their
alleged failure to comply with the requirements of the civil commitment
statute in ordering the plaintiff's commitment, were not claims appro-
priately within the jurisdiction of a medical malpractice tribunal. [247-
248]

CIVIL ACTION commenced in the Superior Court Department
on May 14, 1986.

Motions to dismiss were heard by *Robert S. Prince*, J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Thomas Coish* for the plaintiff.

*George W. Marion* for Franklin Medical Center.

*Michael T. Hassett* for Amelia Stevens.

*Gary B. Liquori* for Sanford Bloomberg.

HENNESSEY, C.J. The plaintiff, Gretchen Leininger, seeks
damages from the defendants, the Franklin Medical Center,
the director of the center's psychiatric unit, Dr. Sanford Bloom-
berg, and a staff psychiatrist, Dr. Amelia Stevens, based on
allegations that the defendants committed her to a mental health
facility illegally because they failed to follow the requirements
of the civil commitment statute, G. L. c. 123, § 12 (1986
ed.).[2] The plaintiff asserts claims for violation of her civil

---

[1] Amelia Stevens, M.D., and Sanford Bloomberg, M.D.

[2] Chapter 123, § 12, as amended through St. 1986, c. 599, § 2, provides,
in relevant part: "(a) Any physician who, . . . after examining a person has

rights under G. L. c. 12, § 11I, for false imprisonment, and for intentional infliction of emotional distress. A medical malpractice tribunal, convened under G. L. c. 231, § 60B (1986 ed.),[3] found that the evidence the plaintiff presented was not sufficient to raise a legitimate question of liability appropriate for judicial inquiry. The plaintiff did not post a bond, and now appeals from the Superior Court's judgment of dismissal. We transferred the case here on our own motion, and conclude that it was error to refer the complaint to the tribunal, and to dismiss the complaint.

The plaintiff alleges in her complaint that in November, 1984, she went to the emergency room at the Franklin Medical Center to consult with her therapist and the psychiatric staff concerning the possibility of a short voluntary admission to the center's psychiatric facility. She was interviewed by a staff social worker. The plaintiff later was informed that she was to be involuntarily committed to the Northampton State Hospital for up to ten days. The plaintiff was strapped in a stretcher, placed in an ambulance, and transported to the Northampton State Hospital. Approximately an hour after her arrival, the plaintiff was taken from the hospital to the emergency services facility at the Franklin/Hampshire Community Mental Health Center in Northampton. She was kept overnight at this facility,

---

reason to believe that failure to hospitalize such person would create a likelihood of serious harm by reason of mental illness may restrain or authorize the restraint of such person and apply for the hospitalization of such person for a ten day period . . . . If an examination is not possible because of the emergency nature of the case and because of the refusal of the person to consent to such examination, the physician . . . on the basis of the facts and circumstances may determine that hospitalization is necessary and may apply therefor."

[3] Chapter 231, § 60B, provides, in relevant part: "Every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth . . . and an attorney authorized to practice law in the commonwealth, at which hearing the plaintiff shall present an offer of proof and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result."

and slept on a sofa in the office area. The next morning, the plaintiff was informed that her confinement had been a "mistake," and that she was free to leave. It is undisputed that Dr. Stevens, who signed the order to hospitalize the plaintiff at Northampton State Hospital, failed to examine the plaintiff. It is also undisputed that the plaintiff never refused to be examined.

After filing an answer to the plaintiff's complaint, the defendants moved to strike the ad damnum clauses of the complaint and to refer the matter to a medical malpractice tribunal pursuant to G. L. c. 231, § 60B. These motions were allowed, and a single justice of the Appeals Court denied the plaintiff's petition for interlocutory review of these decisions.

At the hearing before the medical malpractice tribunal, the plaintiff asserted that by committing her involuntarily without following the requirements of the civil commitment statute, Dr. Stevens violated her civil rights, falsely imprisoned her, and inflicted emotional distress. She based her claim against Dr. Bloomberg on an allegation that he established a policy that psychiatrists should examine a patient only at the patient's request. The plaintiff's evidence consisted solely of a report summary from the associate area director of the Department of Mental Health concerning an investigation, conducted pursuant to 104 Code Mass. Regs. § 24.00 (1986), into the circumstances surrounding her confinement.

On appeal, the plaintiff argues that her complaint should not have been referred to a medical malpractice tribunal and that, even if referral was proper, the proof she proffered was sufficient to raise a legitimate question appropriate for judicial inquiry. We agree that it was error to convene the tribunal, and therefore do not address the sufficiency of the proof.

The function of a medical malpractice tribunal is to separate "malpractice claims into two groups: (1) those appropriate for judicial evaluation; and (2) those involving merely an unfortunate medical result." *Champagne* v. *Massachusetts Nurses Assoc.*, 403 Mass. 754, 756 (1989). *Salem Orthopedic Surgeons, Inc.* v. *Quinn*, 377 Mass. 514, 521 (1979). We have discerned a strong legislative intent that the tribunal "should

evaluate only the medical aspects of a malpractice claim" in performing this function. *Quinn, supra* at 521. The tribunal procedure, therefore, is appropriate only where there is an "issue of *medical* 'malpractice, error or mistake' " (emphasis in original). *Little* v. *Rosenthal*, 376 Mass. 573, 577 (1978), quoting G. L. c. 231, § 60B. See *McMahon* v. *Glixman*, 379 Mass. 60, 67-68 (1979) (whether statute of limitations barred patient's claim not within jurisdiction of tribunal); *Quinn, supra* (whether doctor and patient entered into express contract beyond competence of tribunal).

Here, the plaintiff does not claim the defendants were negligent or mistaken in terms of their medical judgment or treatment. Instead, she claims that she was harmed by the defendants' failure to comply with the civil commitment statute. Section 12 (*a*) of c. 123 requires a physician to examine a patient before ordering hospitalization. A physician is excused from this requirement only if the case is an emergency, and the patient refuses to be examined. The defendant Dr. Stevens did not examine the patient before ordering her hospitalized. Even if her failure to examine was justified by the "emergency nature of the case," it is undisputed that there was no "refusal of the [plaintiff] to consent to such examination." G. L. c. 123, § 12. Failing to comply with the civil commitment statute was not a medical decision. Consequently, an evaluation of this decision is beyond the competence of the medical malpractice tribunal.

We conclude, therefore, that a tribunal should not have screened the plaintiff's complaint. The judgment dismissing the action because of the plaintiff's failure to post a bond is to be vacated, and the case remanded to the Superior Court for further proceedings therein.

*So ordered.*