Garsh, J.
Plaintiffs amended complaint alleges that defendants, National Medical Care, Inc., Biomedical Application of Framingham, and West Suburban Kidney Center (collectively referred to herein as the “Dialysis Units”), “negligently rendered medical care to the Defendant, Dana Marrone (“Marrone”)” and that, as a result, the plaintiff, David Smith (“Smith”), was harmed. More specifically, Smith claims that, “as a direct and proximate result” of the negligent rendering of medical care to Marrone, he suffered injuries when he collided with a vehicle negligently and carelessly operated by Marrone. The Dialysis Units demanded the convening of a medical malpractice tribunal pursuant to G.L.c. 231, §60B.[1] Several months after the denial of his Motion to Strike their demand, Smith seeks reconsideration of that ruling. He contends that an out-of-hospital dialysis unit is not a “clinic” within the meaning of G.L.c. 231, §60B and that, in any event, his claim is not “treatment-related.”
*529 I. Provider of Health Care
G.L.c. 231, §60B provides that “every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal.” A provider of health care is defined in the statute as “a person, corporation, facility or institution licensed by the Commonwealth to provide health care or professional services as a physician, hospital, clinic or nursing home, dentist, registered or licensed nurse, optometrist, podiatrist, chiropractor, physical therapist, psychologist or acupuncturist, or an officer, employee or agent thereof acting in the course and scope of his employment.”
In his motion to reconsider, Smith argues that “clinic” is the only term in the statutory definition that arguably encompasses the Dialysis Units. However, he maintains, such an entity cannot be a “clinic” because G.L.c. 111, §52 provides separate definitions for “clinic” and “out-of-hospital dialysis unit” and different regulations govern. 105 C.M.R. §§145.001 et seq., 140.000 et seq. “Clinic" is a generic term encompassing “any entity . . . established ... for the purpose of providing ambulatory medical . . . services.” G.L.c. Ill, §52. An “out-of-hospital dialysis unit” is a special purpose entity established to provide one specific type of ambulatory medical service; it is “a unit. . . maintained separately from a hospital... for the purpose of providing dialysis treatment to persons suffering from renal disease.” Id.
It is undisputed that the Dialysis Units are corporations “involved in the rendering of medical care.” Amended Complaint, ¶¶20, 26, 32. Moreover, said corporations are “licensed by the Commonwealth to provide health care or professional services,” namely periodic dialysis treatments of a patient who has chronic renal disease in order to sustain life and ameliorate uremic symptoms. 105 C.M.R. §§145.001, 145.010,145.020. The question, thus, iswhetherthey are “licensed ... to provide health care or professional services as a physician . . . clinic or . . . registered or licensed nurse . . .” G.L.c. 231, §60B. Claims against an entity that is not “licensed” to provide health care or professional services “as” one of the enumerated categories need not be brought before a tribunal. Perez v. Bay State Ambulance & Hospital Rental Service, Inc., 413 Mass. 670, 675-76 (1992).
Section 60B does not define the term “clinic.” Assuming, arguendo, that, despite the plain and ordinary meaning of “clinic” as a location providing either multipurpose or specialized ambulatory medical services, and despite the fact that the licensing procedures for clinics govern out-of-hospital dialysis units,[2] such a unit is not “licensed ... as a clinic" because additional regulations govern its operation, the convening of a tribunal nevertheless is required. Other enumerated categories apply.
The amended complaint alleges that the Dialysis Units “negligently rendered medical care” to Marrone. Specifically, it alleges that the Dialysis Units negligently failed to:
a. Instruct or adequately instruct the defendant, Dana Marrone, on the dangers of driving following dialysis and use of drugs;
b. Restrict or adequately restrict defendant, Dana Marrone, from driving following dialysis;
c. Warn or adequately warn Dana Marrone in the dangers of driving following dialysis; and
d. Monitor or adequately monitor the defendant, Dana Marrone’s medical condition following dialysis.
An out-of-hospital dialysis unit must have a director of nursing who is charged with responsibility for directing the nursing staff in provision of nursing services to patients. 105 C.M.R. §145.140. The director of nursing must be a registered nurse. §145.141. Whenever patients undergo dialysis, there must be at least one registered nurse on duty other than the director of nursing. §145.151. The nursing staff must have training or experience in chronic maintenance dialysis. §145.152. Each unit must have on duty sufficient direct care nursing personnel to ensure that all patients undergoing dialysis have nursing care. If dialysis is performed in more than one room, at least one nursing staff member must be present at all times in each room in which a patient is undergoing dialysis. §145.150. Licensed practical nurses and technical assistants may “assist” a registered nurse and have responsibilities, such as “starting and ending dialysis, maintenance and use of dialysis equipment, surveillance of the patient’s condition during dialysis, and administration of agents prescribed for regulation of blood clotting mechanisms as part of the dialysis process.” §145.153. Whenever patients are undergoing treatment in the unit, a physician must be available on call to provide medical consultation and treatment to patients as needed. §145.130.
Thus, if medical care were negligently rendered to Marrone, as alleged, it follows that a nurse, or perhaps a physician, negligently rendered that care.[3] The Dialysis Units have been “licensed by the Commonwealth to provide health care or professional services as a physician . . . [or] registered or licensed nurse” within the meaning of c. 231, §60B. This is not a case in which vicarious liability is sought to be predicated upon the negligent acts of an employee whose position is one not enumerated. E.g., Perez v. Bay State Ambulance & Hospital Rental Service, Inc., 413 Mass at 670 (claim against ambulance company based upon activities of its EMTs); Rahilly v. North Adams Regional Hospital, 36 Mass.App.Ct. 714, 721 (1994) (claim against helicopter service corporation for alleged negligence of crew).
II. Treatment-Related Claim
Smith maintains that, even if the Dialysis Units are health care providers, section 60B is inapplicable *530 because he has not asserted a treatment-related claim. That argument is premised upon the lack of any patient relationship between the plaintiff and any of the Dialysis Units. While “(t]he word ‘treatment,’ in this context, has consistently referred to a plaintiffs treatment by a health care provider,” Champagne v. Massachusetts Nurses Association, 403 Mass. 754, 756 (1989), nothing in the statute mandates that result. Champagne was not a case of alleged malpractice brought by a plaintiff against a health care provider; it was a third-party contribution action.
Chapter 231, §60B empowers a tribunal to screen “(e]very action for malpractice, error or mistake." This is such an action. Requiring a tribunal for those malpractice actions in which a non-patient may maintain a direct cause of action against a provider of health care for harm proximately caused by medical malpractice is fully consistent with the “function of the tribunal as one which separates malpractice claims into two groups: (1) those appropriate for judicial evaluation; and (2) those involving merely an unfortunate medical result.” Id. at 756. In this respect, Smith is similar to a plaintiff bringing a consortium action. Like Smith, such a plaintiff seeks damages for independent harm proximately caused by negligent care and treatment to another. Tribunals are regularly convened to screen consortium claims. E.g., McMahon v. Glixman, 379 Mass. 60 (1979); Delicata v. Bourlesses, 9 Mass.App.Ct. 713 (1980).
It would be incongruous if a plaintiff-patient injured in an automobile collision were required to convince a tribunal that a health care provider may not have instructed or adequately instructed the patient on the dangers of driving following a particular procedure, but non-patient-plaintiffs injured in the very same collision, claiming harm because of the very same failure to instruct the patient, could avoid the screening process and the possibility of a bonding requirement being imposed. “If this kind of circumvention of the §60B tribunal were permitted, the legislative scheme to establish a screening process for malpractice results would be partially thwarted and insurance premiums would necessarily increase in proportion to the costs of defending against frivolous claims.” Little v. Rosenthal, 376 Mass. 573, 577 (1978).
ORDER
For the foregoing reasons, it is hereby ORDERED that the Plaintiffs Motion to Reconsider is DENIED.

 The Dialysis Units responded to the amended complaint by seeking to dismiss it on the grounds that they owed no duty of care to the plaintiff. That motion was denied (Grasso, J.). See generally Pegalis and Wachsman, American Law of Medical Malpractice ¶3.13 (2d ed. 1993). The Dialysis Units then filed their demand for a medical malpractice tribunal.

 “Licensing and related administrative procedures for out-of-hospital dialysis units shall be the same as those in effect for clinics licensed by the Department [of Public Health). See 105 C.M.R. §140.100 through 140.199.” 105 C.M.R. §145.900.

 Technical assistants, who are neither registered nor licensed practical nurses, may be given certain limited responsibilities, 105 C.M.R. §145.153, but they are subject to the supervision of a registered nurse. Given the specific allegations in the amended complaint concerning the ways in which the Dialysis Units negligently rendered medical care to Marrone, it is not reasonable to assume that Smith is complaining only about the actions of a “technical assistant” and that he is not seeking to hold the defendants vicariously liable for the negligence of a registered (or licensed) nurse and/or physician.