Bohn, J.
Introduction
On June 25, 2001, this civil matter was before the court for hearing on the motion of the defendant to dismiss the complaint based on the plaintiffs failure to post the six thousand ($6000) dollar bond required by Massachusetts General Laws Chapter 231, §60B, and the motion of the plaintiff to reduce that required bond. Following a review of the record of this case, prior decisions entered by several judges of this court, the pleadings and the substantive law on the subject of tribunal bonds, plaintiffs motion will be Allowed and the defendant’s motion will be Denied.
Background
On May 16, 1997, the plaintiff filed a five-count complaint alleging generally that on or about June 14, 1994, the defendants committed her to the Deaconess Waltham Hospital as an in-patient for psychiatric evaluation and treatment without her permission, using duress, deceit and false testimony to satisfy their requirement for the acceptance of in-patient admissions. Furthermore, the plaintiff alleged that she was not notified of her right to a commitment hearing before a judge, at which she would be represented by legal counsel; and, that certain records in her file contained defamatory statements, one of which allegedly characterized her as a child molester.[1]
On August 11, 1997, the defendant hospital filed its answer to plaintiffs complaint, generally denying all allegations. (P #4.) That answer does not request a tribunal hearing pursuant to G.L.c. 231, §60B; however, now attached to the answer as it exists in the file of this case is a letter dated January 5, 1998 from, defendant’s counsel to the Tribunal Clerk of the Middlesex Superior Court, in which counsel refers to a request for a medical malpractice tribunal filed in August 1997. Consistent with that representation is a docket entry of August 11, 1997 which records a request of the defendant for a medical malpractice tribunal. (P #6.) No opposition is noted.
On November 5, 1997, a judge of this court ordered the convening of a medical malpractice tribunal. It is difficult to determine who entered that order, however, because the Order itself is missing from the case file, and the fact of the Order is suggested only by a docket entry which records the activity. What is equally difficult to determine is what followed. Apparently, no tribunal was convened and the matter was allowed to drift for seven months. The next entry on the docket, dated March 11, 1998, is recorded as “Deft Deaconess *621 Waltham Hospital's motion for medical malpractice tribunal, plffs opposition and defendant’s request for hearing.” (P #7.) The only paper in the case file, however, is the request for the hearing.
On June 15, 1999, defendant filed a motion for summary judgment with an attached affidavit from the plaintiff in opposition. (P #8.) This motion is based generally on the argument that the plaintiff had no reasonable expectation of proving the essential elements of any of the five causes of action on which the complaint was predicated. In a Memorandum of Decision and Order dated August 6, 1999, this Court (Quinlan, J.) allowed the motion with respect to Count I (slander and libel) and Count V (invasion of privacy) and denied the motion with respect to the remaining counts (violation of civil rights, infliction of emotional distress, and false imprisonment).
On December 30, 1999, the defendant filed a second request (P #11) for a hearing on its motion for a medical malpractice tribunal which, according to the defendant, had been filed on March 11, 1998 (P #7); and, on January 14, 2000, this court (Smith, J.) allowed the defendant’s request for a hearing (P#l 1). That action, however, appears on the docket as an allowance of defendant’s request for a tribunal, not simply its request for a hearing; and, the clerk’s docket sheet shows that on March 23, 2000, an order for a medical malpractice tribunal was issued. Like other pleadings key to the issue presently before this Court, however, that order is not present in the case file and is suggested only through a review of the docket entry. Apparently, no tribunal was convened in response to the March 23, 2000 order.
From March 2000 to March 2001, this case followed the usual course of events. In August, a pretrial conference was held and a trial date was scheduled for December 11, 2000. On September 26, 2000, the defendant filed a motion to preclude certain of the defendant’s experts. In December 2000, the trial was continued from December 11, 2000 to February 12, 2001 and then to June 6, 2001. There then appears on the docket an entry dated March 23, 2001, ordering apparently for the second time, a medical malpractice tribunal hearing — this one to be held April 3, 2001. That hearing occurred, the consequence of which was a finding by the Tribunal there was not sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry because the plaintiff had submitted no offer of proof.
On April 26, and May 25, 2001 the motions presently at issue were filed. As noted above, those motions were argued before the undersigned justice on June 25,2001.
Discussion
At the hearing before this Court on June 25, 2001, counsel for the plaintiff took the position that the causes of action contained in his complaint do not implicate medical decisions and, thus, this case neither requires nor justifies review by a medical malpractice tribunal with its attendant demand that plaintiff file an offer of proof. Plaintiffs counsel argued further that he has taken that position throughout the course of these proceedings, and that he has articulated that position on each occasion the issue has arisen. Defense counsel argued on June 25, 2001 that the causes of action contained in the complaint do require the convening of a tribunal and that, in any event, the law of this case, contained in prior orders of the court, has established that requirement. Defense counsel argued further that, because the plaintiff has failed to post the tribunal bond required by G.L.c. 231, §60B, the complaint must be dismissed.
The plaintiffs position in correct. And, although recognizing fully the logic of the principles which define the “law of the case,” and with all respect to the several judges of this court who have proceeded on the presumption that a tribunal was appropriate, this Court determines otherwise.
A. Massachusetts General Laws Chapter 231, §6033
The function of a medical malpractice tribunal is to separate medical malpractice claim into two groups: those appropriate for judicial evaluation, and those involving merely an unfortunate medical error. See G.L.c. 231, §60B; Champagne v. Massachusetts Nurses Association, 403 Mass. 754, 756 (1989); Salem Orthopedic Surgeons, Inc. v. Quinn, 377 Mass. 514, 521 (1979). That function, however, is limited only to the medical aspects of a malpractice claim. Quinn, supra at 521. The tribunal procedure, therefore is appropriate only where there is an “issue of medical malpractice, error or mistake.” Leiniger v. Franklin Medical Center, 404 Mass. 245, 248 (1989), citing Little v. Rosenthal, 376 Mass. 573, 577(1978).
In the present case, the plaintiffs remaining claims seek compensation for violation of her civil right under G.L.c. 12, §111, for false imprisonment, and for infliction of emotional distress. These Eire the precise claims brought by the plaintiff in Leiniger v. Franklin Medical Center, supra, in which the Supreme Judicial Court held that no medical tribunal was appropriate.
In Leiniger, as in the present case, a superior court judge ordered the convening of a tribunal. In Leiniger, as in this case, the Tribunal found that the evidence presented by the plaintiff was not sufficient to raise a legitimate question of liability appropriate for judicial review. In Leiniger, as in this case, the plaintiff did not post a bond and, for that reason, her complaint was dismissed.
In Leiniger, on an appeal transferred to the Supreme Judicial Court, that Court concluded that it had been error to refer the complaint to the tribunal and to dismiss the complaint for lack of a bond. In doing so, the Court noted that, as in the present case, the *622 plaintiff did not claim that the defendants were negligent or mistaken in terms of their medical judgment or treatment but, rather, had failed to comply with certain provisions of the civil commitment statute, G.L.c. 123.[2] Failure to comply with the statute, according to the court, was not a medical decision and, therefore, an evaluation of the decision to hospitalize was beyond the competence of the medical malpractice tribunal.
In the present case, the complaint may not be so artfully drafted as to allege a specific violation of G.L.c. 123. It does, however, adequately charge the defendant in this case with a violation of her civil rights, false imprisonment and infliction of emotional distress, all having to do with the process followed in her hospitalization. Those activities do not implicate medical decisions but, rather, administrative determina-' tions. For that reason, an evaluation of the manner in which plaintiffs hospitalization was accomplished is beyond the competence of the medical malpractice tribunal, and it was error for this court to order a tribunal hearing.
B. The Principle of the Law of the Case
In argument before this Court on June 25, 2001, counsel for the defendant suggested that prior orders of this court allowing the defendant’s March 11, 1998 motion for a medical malpractice tribunal, and the finding of the tribunal to the effect that plaintiff had failed to produce sufficient evidence to raise a legitimate question of liability appropriate for judicial review, constitute the law of this case. Defendant is not correct in this contention.
As noted by Justice Holmes in the case of Messinger v. Anderson, 225 U.S. 436, 444, the phrase, “law of the case,” as applied to the effect of previous orders on the later action of the court rendering them in the same case, “merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.” And, see Lummus, The Law of the Case, 9 B.U.L.Rev 225. In a more recent case, the Massachusetts Appeals Court specifically held that any superior court judge, prior to final judgment, possesses the power to modify earlier orders of another judge. Genesco, Inc. v. Manuel M. Kaufman & others, 11 Mass.App.Ct. 986, 990 (1981).
In the present case, a medical malpractice tribunal was neither required nor warranted. To require the plaintiff now either to post a bond or to suffer dismissal of her complaint is not acceptable. To paraphrase Justice Wilkins in the case of Gleason v. Hardware Mutual Casualty Co., 331 Mass. 703, 710 (1954), “To apply the rule of the law of the case to the record before [me] would, in [my] opinion lead to injustice . . .” Like Justice Wilkins, I decline the opportunity to do so.
ORDER
For the reasons stated above, defendant’s motion to dismiss for failure to post a tribunal bond is DENIED and plaintiff s motion to reduce the bond is ALLOWED. Plaintiff may proceed in the prosecution of her case without the need to post a bond otherwise required by G.L.c. 231, §60B.

 The five counts are as follows: Count I seeks damages for the tort of slander and libel. Count II seeks damages, pursuant to C.L.c. 12, §§11H and 1II, for violation of the plaintiffs civil rights. Count III seeks damages for intentional and negligent infliction of emotional distress. Count IV alleges false imprisonment. Count Five alleges an invasion of privacy.

 Specifically, the plaintiff in Letniger claimed that defendants had hospitalized her without first examining her as required by sections 12(a) of chapter 123.