**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1918

STEPHEN P. KNIGHT,
Plaintiff-Appellant,

v.

BROCKTON HOSPITAL; THE ARBOUR HOSPITAL,
Defendants-Appellees,

CITY OF BROCKTON; CITY OF BOSTON, Police Department;
BROCKTON POLICE DEPARTMENT,
Defendants.

------

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Edward F. Harrington, Senior U. S. District Judge]

------

Before

Torruella, Circuit Judge,
Stapleton,* Senior Circuit Judge,
and Howard, Circuit Judge.

------

Malcolm J. Barach, for appellant.
Daniel J. Buoniconti, for appellee, Brockton Hospital.
Janet J. Bobit, with whom Jeffrey W. Coleman was on the brief,
for appellee, The Arbour Hospital.

------

October 8, 2003

------

* Of the Third Circuit, sitting by designation.

**STAPLETON**, <u>Circuit Judge</u>.  Appellant Stephen Knight asks us to determine whether the claims he asserts were properly referred to a medical malpractice tribunal under Massachusetts Law, Chapter 231, § 60B.  We hold that they were not and, therefore, reverse and remand for further proceedings.

I.

The complaint alleges that the police entered Knight's home without a warrant, sprayed mace in his eyes, and took him to Appellee Brockton Hospital.  There, he was examined and transferred to Appellee Arbour Hospital, where he was "confined for some 21 days without legal justification and without his consent."

Based on these factual allegations, Knight asserts claims under 42 U.S.C. § 1983 and Massachusetts law against both hospitals, the city of Brockton, and its police department.  These include an illegal search and seizure claim, an invasion of privacy claim, a false imprisonment claim, an assault and battery claim, and a claim based on Massachusetts's involuntary civil commitment statute, Mass. Gen. L. c 123.

The Appellee hospitals moved to have the case referred to the Massachusetts Superior Court for the purpose of convening a medical malpractice tribunal under Mass. Gen. L. c 231 § 60B.  Over Knight's objection, this motion was granted and a tribunal was convened.  Knight declined to submit evidence to this tribunal, however, and the Superior Court decided in favor of the hospitals

for that reason and, pursuant to the statute, directed Knight to post a $6,000 bond.  Based on Knight's failure to post a bond, the district court entered judgment in favor of the hospitals under Fed. R. Civ. P. 54(b).  This appeal followed.

## II.

Under Massachusetts law, "[e]very action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine in the commonwealth . . . and an attorney authorized to practice law in the commonwealth. . . ." Mass. Gen. L. ch. 231, § 60B.  "The function of a medical malpractice tribunal is to separate medical malpractice claims into two groups: those appropriate for judicial evaluation, and those involving merely an unfortunate medical error" Millian v. Deaconess Waltham Hosp., 2001 Mass. Super LEXIS 450, *7 (Mass. Super. 2001). "[A] tribunal . . . evaluate[s] only the medical aspects of a malpractice claim for the purpose of distinguishing between" those types of cases.  Salem Orthopedic Surgeons., Inc. v. Quinn, 386 N.E.2d 1268, 1272 (Mass. 1979).   "The tribunal procedure, therefore, is appropriate only where there is an issue of *medical* malpractice, error or mistake."   Leininger v. Franklin Medical Center, 534 N.E.2d 1151, 1152 (Mass. 1989) (quotation omitted and emphasis in original).

Knight insists that he is not complaining about "medical

malpractice, error or mistake" and the hospitals are unable to point to any allegation in the complaint that is contrary to this assertion. Rather, they suggest that if Knight were required to be more specific, it would be apparent that he is challenging a medical decision. While that may turn out to be the case, the hospitals did not move to dismiss for failure to state a claim or for a more definite statement. A plaintiff is entitled to determine what claims he wishes to have adjudicated and until it affirmatively appears that a claim involves a challenge to a medical decision or treatment, a medical malpractice tribunal convened under the Massachusetts statute has no jurisdiction. Leininger, 534 N.E.2d at 1152.[1] Accordingly, this matter must be remanded to the district court.

We do not, of course, suggest that a referral to a medical malpractice tribunal will not be appropriate if it subsequently appears that one of Knight's state law claims presents a medical issue. Feinstein v. Massachusetts General Hospital, 643 F.2d 880 (1st Cir. 1981) (when a federal district court is exercising its diversity jurisdiction, the Rules of Decision Act, 28 U.S.C. § 1652, requires it to apply the Massachusetts medical malpractice statute). To the extent the district court is

---

[1]Contrary to the suggestions of the hospitals, this does not appear to be a case in which the plaintiff's claim challenges a medical decision but attempts to evade the statute by suing on other than a malpractice theory.

confronted on remand with an argument that one of Knight's claims under § 1983 should be submitted to such a tribunal, we do suggest that it determine whether the Massachusetts statute was intended to apply to such claims and whether it would be constitutional if so applied.

III.

The judgments of the district court are reversed, and this matter is remanded to that court for proceedings consistent with this opinion.