HAROLD KOLTIN vs. BETH ISRAEL DEACONESS MEDICAL CENTER & another.[1] No. 03-P-328. November 17, 2004. *Contract,* Performance and breach. *Medical Malpractice,* Tribunal.

Harold Koltin timely appeals from a separate and final judgment entered pursuant to G. L. c. 231, § 60B, dismissing his action against Beth Israel Deaconess Medical Center (Beth Israel) and Healthcare Associates for his failure to post the bond ordered after a medical malpractice tribunal ruled that the evidence he offered was not, in the words of § 60B, inserted by St. 1975, c. 362, § 5, "sufficient to raise a legitimate question of liability appropriate for judicial inquiry."

1. Two of the counts, framed respectively as breach of contract and violation of civil rights protected by G. L. c. 12, §§ 11H and 11I, allege as their basis a notification by Beth Israel through its professional provider association, Healthcare Associates, that, following a thirty-day transition period for urgent care, and a scheduled appointment with a particular physician to monitor Koltin's progress in reducing a certain medication, Beth Israel, Healthcare Associates, and their providers would no longer accept Koltin as a patient. Koltin was given a list of alternate providers and an assurance that his medical records would be forwarded. There was no suggestion that the breach of contract allegation was based on neglectful care or medical misjudgment, only that the decision to terminate providing care was itself a breach of contract. Whether a medical provider has a duty to continue care once undertaken is a question of law appropriate for a court, not a malpractice tribunal. Compare *Salem Orthopedic Surgeons, Inc.* v. *Quinn,* 377 Mass. 514, 516-518 (1979) (types of contract actions suitable for malpractice tribunal are [1] breach of implied promise not to commit malpractice, and [2] breach of express promise to produce certain medical result). The same is true of the count framed under the State Civil Rights Act, G. L. c. 12, §§ 11H and 11I; it also does not allege actions that "directly implicate the professional judgment or competence of a provider." *Santos* v. *Kim,* 429 Mass. 130, 133-134 (1999), quoting from *Lambley* v. *Kameny,* 43 Mass. App. Ct. 277, 282 (1997). Compare *Leininger* v. *Franklin Med. Center,* 404 Mass. 245, 246-248 (1989). Nothing in *Santos, supra* (alleged failure of medical laboratory to transmit promptly to treating physician a blood test result that called for urgent intervention) or *Lambley, supra* (claimed misdiagnosis by preemployment psychiatric examiner), called for submission of these counts to a medical malpractice tribunal.

2. Another count alleged invasion of privacy. In connection with an application by Koltin for issuance of a criminal complaint in an unrelated matter, Beth Israel allegedly released Koltin's treatment records to unauthorized persons. The appellees concede that this count does not allege *medical* malpractice and should not have been submitted to the § 60B tribunal.

3. The remaining count, naming as defendants Beth Israel, its security services provider, and three security guards, alleged an incident in which the security guards "without provocation, assaulted, beat and threatened Koltin while he was legally on the [hospital] premises." These actions were said to constitute "assault and batteries, false imprisonment, and intentional infliction of emotional distress [and] were violations of Koltin's civil rights." Missing is

---

[1]Healthcare Associates. Other named defendants in the action below are not part of this appeal.

any allegation of *"medical* 'malpractice, error or mistake.' " *Little* v. *Rosenthal,* 376 Mass. 573, 577 (1978), quoting from § 60B. This count correctly was not referred to the tribunal, but incorrectly was swept up in the dismissal of the entire action for failure to post the § 60B bond.

The judgment of dismissal is accordingly reversed and the case is to stand for further proceedings.

*So ordered.*

*Isaac H. Peres* for the plaintiff.
*Marcy Cass* for the defendants.