Agnes, Peter W., J.
1. The plaintiff, Michael Alsip, has filed a motion to strike the request by the defendants to convene a Medical Malpractice Tribunal under G.L.c. 231, §60B on grounds that his civil action seeks damages for errors made by the defendants in testing the plaintiff for drugs as part of an employment screening process and not for treatment service rendered to him as a patient.
2. G.L.c. 231, §60B requires that an action against “a provider of health care” based on alleged “malpractice, error or mistake” must first be submitted to a tribunal for its determination whether the plaintiffs evidence “is sufficient to raise a legitimate question of liability appropriate for judicial inquiiy.” The statute defines “a provider of health care” as “a person, corporation, facility or institution licensed by the commonwealth to provide health care or professional services as a physician, hospital, clinic or nursing home, dentist, registered or licensed nurse, optometrist, podiatrist, chiropractor, physical therapist, psychologist, or acupuncturist, or an officer, employee or agent thereof acting in the course and scope of his employment.” The statute does not limit the role of the Tribunal to cases in which the defendants rendered medical treatment or medical care to a patient in the *424 traditional sense in which care and treatment are understood. See Lambley v. Kameny, 43 Mass.App.Ct. 277, 280 (1997) (suit against a psychiatrist who administered psychological tests to the plaintiff and who allegedly was negligent was subject to the tribunal statute). Contrast Leinenger v. Franklin Medical Center, 404 Mass. 245 (1989) (civil rights claim against a physician for committing plaintiff to a psychiatric facility without examining her as required by G.L.c. 123, §12 not subject to the tribunal statute); Koltin v. Beth Israel Deaconess Medical Center, 62 Mass.App.Ct. 920 (2004) (breach of contract suit against healthcare provider for allegedly failing to continue care once undertaken is not governed by the tribunal statute).
3. This case is controlled by Santos v. Kim, 429 Mass. 130 (1999), in which the Supreme Judicial Court held that G.L.c. 231, §60B applied to a negligence claim against a health care facility for its alleged negligence in reporting blood test results. The essence of the plaintiffs claim in this case is that the defendants committed negligence in performing laboratory procedures and thereby caused him to suffer a loss of employment. This is a classic statement of a medical error like the error alleged in Lambley v. Kameny and Santos v. Kim, supra, as opposed to an administrative error or violation of a statutory procedure as in Leinenger v. Franklin Medical Center and Koltin v. Beth Israel Deaconess Medical Center.
ORDER
For the above reasons, the plaintiffs motion to strike is DENIED.