NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1123

JULIA DIXON

vs.

MEDHOST DISPATCHER & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a judgment dismissing her civil suit against the defendants on the ground that she failed to file a bond imposed by law after a medical malpractice tribunal found her offer of proof insufficient to support the claims against the defendants.  See G. L. c.  231, § 60B.  As unfortunately happens often when parties represent themselves before us, the brief of the plaintiff does not make clear precisely what arguments she intends to raise before us.  We will, however, address the three interlocutory orders that

_____

[1] Kathleen Quiles, Adelina Goncalves, Katherine Bourassa, Shayan Hashmi, Natalia Przeworniak, Alexis Coulas, Matthew Mostofi, Jessica DaSilva, Jennifer Marshall, Justin Popso, Jennifer Collins, Kathryn Lupez, Kasey Hayes, Kathryne Adams, Pooja Sikka, Suchakree Sanguansataya, Ayesah Khalid, Tine Vindenes. As is our custom, we take our caption from the plaintiff's complaint.

appear to be at the heart of her appeal, as well as the ultimate order of dismissal.

First there is the finding of the medical malpractice tribunal that her offer of proof was insufficient to support her claims. What is clear is that after going to the emergency room at Tufts Medical Center, the defendants caused the plaintiff to be involuntarily hospitalized under G. L. c. 123, § 12, apparently on the basis that she presented a likelihood of serious harm to herself by reason of mental illness. She alleges that her commitment was unlawful, an act of retaliation for a lawsuit she filed, that the proper procedures for that commitment were not followed, that during the commitment medical personnel refused to treat what she alleges was a Methicillin-resistant Staphylococcus aureus (MRSA) infection of her ear, which led to harm to her, that they denied her access to her necessary medications during her stay, and that she was held longer than the statutorily permitted period of three days. There can be no doubt based on her brief that her temporary commitment under the statute was an extremely distressing event for the plaintiff.

To the extent the plaintiff's claim is one for malpractice, the tribunal concluded that she had failed to produce before it evidence of the standard of care with respect to her alleged medical condition and its diagnosis and treatment, and that she

2

failed to introduce evidence of the standard of care with respect to the determination of the risk of self-harm necessary to permit a medical professional to seek a commitment under G. L. c. 123, § 12. The plaintiff did fail to put evidence of an expert in on these points, and we see no error in the tribunal's conclusion or its imposition of the statutorily required $6,000 bond. In her brief, the plaintiff asserts that she does have evidence, but she does not describe any expert evidence of the type that would be necessary to describe the standard of care and its breach.

The plaintiff subsequently filed a motion to reduce the bond to zero, but even assuming the plaintiff was indigent as required under G. L. c. 231, § 60B, for a reduction of the bond, which was not shown by the evidence, and that a bond could be reduced to zero, though it appears some dollar amount is required by the statute, see id. (a "justice may reduce the amount of the bond but may not eliminate the requirement thereof"), in the absence of the type of evidence that was missing from what was presented to the tribunal, we see no error in the judge's denial of that motion.

The plaintiff also filed a "Motion to Remove an Error," alleging that the action should not have been subject to G. L. c. 231, § 60B, the statute creating the system by which tribunals review claims for medical malpractice. While we

3

express no opinion on the propriety of the submission of the entire case to the medical malpractice tribunal, it is true that "the tribunal 'should evaluate only the medical aspects of a malpractice claim.'" Leininger v. Franklin Med. Ctr., 404 Mass. 245, 247-248 (1989), quoting Salem Orthopedic Surgeons, Inc. v. Quinn, 377 Mass. 514, 521 (1979). Indeed, the Supreme Judicial Court has concluded that some errors in application of G. L. c. 123, § 12, are not medical in nature and not subject to review by a medical malpractice tribunal. See Leininger, supra at 248. And it is also true that the plaintiff's complaint referred not only to malpractice but to violations of her civil rights and errors in application of the statute.

The plaintiff's filing of her motion, however, did not comply with Superior Court Rule 9A. This provides the procedure one must follow when filing a motion to ensure the other side has the proper opportunity to reply.

The judge denied the motion "without prejudice to re-filing in accordance with Superior Court Rule 9A." This meant that the judge was not saying that the motion was without merit. Rather, because Rule 9A had not been complied with, the judge was expressing no opinion at all on the merits of the motion. Rather, in light of the failure to comply with Rule 9A, the judge was providing the plaintiff with an opportunity to correct that failure by complying with Rule 9A and to refile the motion,

4

so that once the proper procedure was followed, the judge could address it.

Nothing in the record before us, however, indicates that the plaintiff availed herself of this opportunity or refiled the motion.  The denial of the motion without prejudice on the ground that Rule 9A had not been complied with was not error.

Finally, as to the ultimate order of dismissal, having properly concluded that the bond should not be reduced in light of the evidence produced before the tribunal and the court, the judge did not err in dismissing the action for failure to post the bond.

<u>Judgment affirmed</u>.

By the Court (Rubin, Neyman & Walsh, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:  December 13, 2023.

---

[2] The panelists are listed in order of seniority.