SUPERIOR COURT 
 
 JOHN DOE II v. DAMIAN KNIGHTON, WEI LIEN, M.D., MASS GENERAL BRIGHAM INCORPORATED, THE GENERAL HOSPITAL CORPORATION, MASSACHUSETTS GENERAL PHYSICIANS ORGANIZATION, INC. et al.

 
 Docket:
 2584CV00687-C
 
 
 Dates:
 July 10, 2025
 
 
 Present:
 Robert B. Gordon
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANT LIEN, THE GENERAL HOSPITAL CORPORATION AND MASSACHUSETTS GENERAL PHYSICIANS ORGANIZATION’S MOTIONS FOR ENTRY OF TRIBUNAL FINDINGS REQUIRING PLAINTIFF TO POST A BOND FOR FAILURE TO FILE A TIMELY OFFER OF PROOF
 
 

             Plaintiff John Doe II (“Doe” or the “Plaintiff”) has brought a Complaint sounding in four counts. Two of these counts are asserted solely against Defendant Damian Knighton (“Knighton”), and charge him with Intentional Infliction of Emotional Distress (Count III) and Sexual Assault and Battery (Count IV). Two other counts are asserted against both Knighton and moving Defendants Wei Lien, M.D. (“Dr. Lien”), The General Hospital Corporation (“MassGeneral” or the “Hospital”), and the Massachusetts General Physicians Organization (the “Physicians Organization”) (hereinafter, collectively, the “MGH Defendants”). These latter counts charge the MGH Defendants with Negligence (Count I) and Negligent Infliction of Emotional Distress (Count II).
 
                                                            -1-
 
            Presented for decision are the companion motions of Dr. Lien (Paper # 20) and MassGeneral and the Physicians Organization (Paper # 15). By these motions, the MGH Defendants seek an order requiring the Plaintiff to post a statutory bond for failure to file a timely offer of proof in accordance with G.L. c. 231, § 60B and Mass. Super. Ct. R. 73. For the reasons which follow, the MGH Defendants’ motions shall be ALLOWED.
FACTUAL BACKGROUND[1]
            In January of 2023, Doe presented to a MassGeneral healthcare center for a scheduled medical appointment with Dr. Lien. The appointment was for a routine physical for which Doe was then overdue. After checking in for his appointment, Doe was brought to an examination room by Knighton, a medical assistant, and instructed to undress and put on a gown. Knighton then proceeded to “check Doe’s testicles” before leaving the examination room.
            A short time later, Dr. Lien entered the examination room. Dr. Lien then performed an examination of Doe, and concluded the physical by placing an order for lab work and directing Doe to proceed down the hall for blood testing. Doe did as instructed. While Doe was waiting to have his blood drawn, Knighton approached him and led him back into the examination room in order to speak privately. Once there, Knighton inquired if Dr. Lien had conducted a rectal
examination to check Doe’s prostate and to look for possible polyps. When Doe replied that Dr. Lien had not done so, Knighton left the room – purportedly to “confer” with the doctor.
            When Knighton returned, he announced that Dr. Lien had requested him to perform a rectal exam on Doe. Knighton then instructed Doe to remove his clothes again, and to position himself on all fours on room’s the examination table. Doe was “confused and surprised” by Knighton’s instructions; but, inasmuch as he “always trusted his Mass General medical
 
--------------------------------------------
[1] The following facts are drawn from the Plaintiff’s Complaint and Demand for Trial By Jury (the “Complaint”).
 
                                                            -2-
 
professionals,” Doe complied. Knighton thereupon inserted his fingers into Doe’s rectum, and proceeded to move his fingers around the inside of the cavity. Knighton then assured Doe that he would report his findings to Dr. Lien, and concluded the examination.
            On January 18, 2023, after learning of Knighton’s arrest on charges of sexual assault and battery, Doe contacted police authorities to report the details of his own encounter with Knighton. On March 3, 2025, Knighton was convicted in Massachusetts Superior Court of multiple counts of indecent assault and battery.
DISCUSSION
            General Laws Chapter 231, § 60B requires that “every action for malpractice, error or mistake against a provider of health care shall be heard by a tribunal …. at which hearing the plaintiff shall present an offer of proof[,] and said tribunal shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff’s case is merely an unfortunate medical result.” See G.L. c. 231, § 60B. Under Superior Court Rule 73, a plaintiff is required to file and serve his offer of proof “[w]ithin 15 days after each defendant’s answer,” failing which the Court “may find, upon motion of a party or its own initiative, that the plaintiff has failed to present sufficient evidence to raise a legitimate question of liability appropriate for judicial inquiry ….” See Mass. Super. Ct. R. 73(1)(a), (b). Rule 73 further provides that “[a] plaintiff’s failure to file a timely offer of proof shall waive the plaintiff’s right to a tribunal before entry of such a finding by the court.” See Mass. Super. Ct. R. 73(b). “If the plaintiff waives the tribunal, the court shall require posting of a bond in the statutory amount [of $6,000] ….” Mass. Super. Ct. R. 73(5). See also G.L. c. 231, § 60B (“If a finding is made for the defendant or defendants in the case the
 
                                                            -3-
 
plaintiff may pursue the claim through the usual judicial process only upon filing a bond in the amount of six thousand dollars in the aggregate ….”).
            In the case at bar, there is no dispute that Plaintiff has not filed an offer of proof within the time required by Rule 73. Accordingly, the MGH Defendants now demand that Doe be required to post a statutory bond as a condition to moving forward with his claims against them.[2] Plaintiff counters that his claims in this case are for sexual assault rather than medical negligence, that no expert testimony is required to establish a standard of care for such conduct, and that the claims thus fall outside the purview of those for which a malpractice tribunal is required.
            Upon review of the pleadings and the parties’ briefed arguments, the Court concludes that Plaintiff’s claims against the MGH Defendants in this case do rest upon allegations of medical negligence and professional malpractice. As such, the claims are properly subject to tribunal review pursuant to G.L. c. 231, § 60B. Doe’s Complaint itself repeatedly invokes the obligations that the Defendants owed to provide hm with the highest level of patient care. Thus, for example, Paragraph 18 of the Complaint asserts that, “[l]ike any provider-patient relationship, Defendants Knighton and Lien held a position of authority over Plaintiff because they aided in his medical care ….” Paragraph 19 of the Complaint, in turn, avers that Doe, “like most patients, trusted Defendant Lien to help address his medical concerns, placing him in the power of delivering him care and treatment, and by the very nature of the provider-patient relationship, he was required to provide the utmost patient care to his patient, and he failed.” See Compl. paras. 18, 19. On this rendering of his claims against Knighton and Dr. Lien, it is specious for Doe to argue (as he
 
--------------------------------------------
 
[2] Defendant Knighton is not a party to either of the present motions. The Court expresses no opinion as to the applicability of the within ruling to those intentional tort claims asserted exclusively against him.
 
                                                            -4-
 
does) that such claims have nothing to do with a beached duty of medical care. That is precisely what Plaintiff has alleged in this case.
            The same, of course, is true of the negligence claims asserted against MassGeneral and the Physicians Organization. The Complaint thus alleges that the “MGH Defendants owed a duty of care to Plaintiff John Doe, as well as to other patients, when hiring, retaining, supervising and evaluating its prospective employees, including Defendant Knighton.” See Compl. para. 53. The Complaint further alleges that the “MGH Defendants and Defendant Lien knew and/or should have known that Defendant Knighton had a proclivity to abuse his patients, yet they ignored the warning signs, failed to supervise Defendant Knighton, failed to properly train and supervise their staff, and violated the duties they owed their patients.” See Compl. para. 57. Once again, therefore, the express terms of Plaintiff’s own pleading leave no room to doubt that the duties Doe claims to have been owed and breached by the MGH Defendants are ones that derive entirely from Doe’s status as a patient receiving medical care, and that the substance of his claims against these Defendants are thus in the nature of professional negligence or malpractice.
            It is well settled that the reach of the § 60B malpractice tribunal extends to all forms of negligence, mistake and error in connection with the rendering of medical care and treatment, regardless of the particular legal theory or label attached to the tortious conduct alleged. See Johnston v. Stein, 29 Mass. App. Ct. 996, 997 (1990) (“The courts have consistently generalized the intended sweep of § 60B as encompassing all treatment-related claims whatever their label or underlying legal theory,” and thus “adopting a legal theory of intentional tort does not preclude tribunal jurisdiction if the core of the complaint is improper treatment.”). Accord Lambley v. Kameny, 43 Mass. App. Ct. 277, 282 (1997) (“consistent with the statutory purpose, even claims not sounding in traditional malpractice …which directly implicate the professional judgment or
 
                                                            -5-
 
competence of a provider have been held subject to tribunal screening”). Such is plainly the case here, where the MGH Defendants stand accused of a lack of due professional care and competence in the training, task delegation and supervision of a physician’s assistant delivering medical care to patient Doe.
            That Plaintiff’s causes of action in this case are in the nature of alleged medical negligence (and thus appropriate for review by a malpractice tribunal) is especially clear when one recalls that the direct-liability claims asserted against the MGH Defendants are not for sexual assault. Vicarious liability for the misdeeds of Knighton aside, these Defendants are charged with primary liability for their own negligence in failing to train, manage and supervise Knighton in his delivery of on-site medical care to Doe. Our appellate courts have made clear that allegations of this nature, viz., a failure by a physician provider or health care organization to give adequate supervision to a physician’s assistant, constitute charges of medical malpractice appropriate for tribunal review. In Bing v. Drexler, 69 Mass. App. Ct. 186 (2007), for example, the Appeals Court reviewed and upheld a decision of a malpractice tribunal based on the asserted failure of a doctor (Kronlund) to provide adequate supervision to a physician’s assistant (Drexler). The Court wrote:
“[T]he plaintiff alleged that Kronlund held himself out as a competent health care provider; her decedent relied on that representation; he accepted medical care from Drexler on the basis of Kronlund’s promise that he would assign a competently qualified physician’s assistant, capable of appropriately evaluating and treating the patient; and Drexler was negligent. These assertions call into question Kronlund’s judgment in selecting Drexler to examine and diagnose the patient, as well as the adequacy of Kronlund’s supervision of the physician’s assistant and management of the case. Expert testimony could have been presented to the tribunal on these issues ….”
 
                                                            -6-
 
Id. (quotations omitted). Acknowledging that the tortious conduct attributed to the medical assistant in this case (Knighton) was intentional rather than negligent, the claimed breaches of supervisory duty asserted against Dr. Lien and the other MGH Defendants are indistinguishable from those found subject to tribunal review in Bing.
            The Appeals Court’s decision in Goldberg v. Northeastern University, 60 Mass. App. Ct. 707 (2004), is to similar effect. In Goldberg, the plaintiffs brought suit against (inter alia) a university, charging that it “negligently staffed the Lane Health Center on weekends with inexperienced and untrained personnel who were allowed, and even expected, to practice beyond the scope of their professional licensure.” Id. at 710. Following a jury verdict against this defendant, the Appeals Court reversed the liability finding on the ground that plaintiffs had failed to present expert testimony to establish negligence on the part of Northeastern in its operation of the health center. The Court reasoned that “the subject of establishing, staffing and operating a health center, including determinations regarding adequate staff configurations on weekends, involves quintessentially medical judgments that are not matters with which a lay jury is likely to be acquainted.” Id. (reversing negligence verdict because “plaintiffs’ allegation that Northeastern negligently staffed and operated the Lane Health Center is merely speculative unless buttressed by the testimony of one or more witnesses who are able to demonstrate that they are skilled in such affairs”). Once again, the reasoning of Goldberg makes plain that the analogous claims of negligent management and supervision asserted against the moving MGH Defendants in this case directly challenge these providers’ medical judgment and decision-making. As such, the claims are properly subject to review by a malpractice tribunal. See supra.
            In opposing the Defendants’ motions, Plaintiff relies principally on the contrary decision of a peer judge of this Court in John Doe v. Damien Knighton, No. 2484CV2096, Mass. Super.
 
                                                            -7-
 
Ct. (March 2, 2025) (Nestor, J.) (“I also find …that an expert’s opinion on a deviation from the standard of medical care would not be required, or relevant, in determining whether the Defendants …were negligent in hiring, training, and/or supervising Knighton.”). With respect, Judge Nestor’s opinion simply cannot be reconciled with the decisions of the Appeals Court in Bing and Goldberg, each of which held that oversight-related staffing decisions in the hospital setting are intrinsically matters of medical judgment that require expert opinion regarding the applicable standard of care. To the extent Judge Nestor’s ruling can somehow be squared with the pronouncements of the Appeals Court in Bing and Goldberg (cases the decision does not cite and may not have been brought to the judge’s attention), the undersigned is simply not persuaded and will not follow it.[3]
CONCLUSION AND ORDER
            For the foregoing reasons, the Defendants’ Motions for Entry of Tribunal Findings Requiring Plaintiff to Post a Bond for Failure to File a Timely Offer of Proof are ALLOWED, as follows.
            The Plaintiff shall, within 45 days of the date hereof, file with the Court and serve upon Defendants Wei Lien, M.D., The General Hospital Corporation, and Massachusetts General Physicians Organization, Inc. an offer of proof as to each of these Defendants that satisfies the requirements of G.L. c. 231, § 60B. In the alternative, the Plaintiff shall post a $6,000 bond as a condition of proceeding forward in this case. See Mass. Super. Ct. R. 73(5).
 
--------------------------------------------
 
[3] Contrary to the Plaintiff’s repeated contention, the decision of a single justice of the Superior Court carries neither precedential force (beyond the parties to the case in which it issued) nor binds any other judge of the Court as stare decisis. See Winchester Gables, Inc. v. Host Marriott Corp., 70 Mass. App. Ct. 585, 593 (2007) (“a second judge does have the power to rule differently from the first judge on a case, an issue, or a question of fact or law once decided in order to reach a just result ]citation and quotation omitted]”).
 
                                                            -8-
 
SO ORDERED.
/s/Robert B. Gordon
Justice of the Superior Court
July 10, 2025